THOMPSON, J.
 

 The subject of this suit is a lot and improvements situated in the city of Shreveport, fully described in the pleadings.
 

 The suit as originally instituted was an action in jactitation, but it was resolved into a petitory action by the answer asserting ownership of one-half of the property in defendants.
 

 There is little or no dispute as to the essential facts.
 

 The property was acquired by Brooswick Feehan during his marriage to Rosa Feehan. Rosa Feehan died in 1902 or 1903. There were three children issue of the marriage of Brooswick Feehan and Rosa Feehan, to wit, Nancy, Hannah, and Sallie Kane.
 

 Rosa Feehan had one child, by a former marriage, named Henry Dawson. At the death of Rosa Feehan her children of the two marriages inherited in equal proportions her half community interest in the property.
 

 On August 20,1908, Brooswick Feehan and Sallie Kane sold to the Victoria Lumber Company, Limited, plaintiff herein, “all their right, title, and interest in and to” the property which forms the subject of this suit, and which is fully described in said deed. In the act of sale just referred to the vendor, Brooswick Feehan, is described as a widower, and it is stated that he had three children. It was also stated that the said Feehan acquired the property from John N. Howell, to which deed and registry special reference was made.
 

 On September 3, 1908, just two weeks after the above-mentioned deed, Leon Dawson, David Dawson, and Mary Dawson sold to the said lumber company all of their right, title, and interést in and to the property described, and being the same land purchased from John N. Howell by Brooswick Feehan.
 

 The three vendors last named were the grandchildren of Rosa Feehan, and with Wallace Dawson succeeded to the succession of their grandmother as representatives of their father, Henry Dawson. Their interest in the property was one thirty-second each.
 

 So that, at the time of the sales to the plaintiff, Brooswick Feehan owned one-half of the property, Sallie Kane owned one-eighth, and Leon, Dave, and Mary Dawson, collectively, three thirty-seconds, making the aggregate interest acquired by the plaintiff twenty-three thirty-seconds, leaving oritstanding the interest of the other heirs and grandchildren of Rosa Feehan; that is to say, nine thirty-seconds. The interest of these heirs never passed to the plaintiff in the sale by Brooswick Feehan, for the obvious reason that the said Feehan only owned one-lialf of the property.
 

 We understand this to be conceded by the plaintiff.
 

 But it is contended that the deed on its face was translative of the entire property described therein, and that the plaintiff, being a purchaser and possessor in good faith,
 
 *851
 
 is protected by the prescription of 10 years acquirendi causa, which is specially pleaded against the defendant heirs.
 

 The plea of prescription was overruled by the trial court, and, we think, correctly so.
 

 The deed on its face did not purport to convey the entire property, but only the right, title and interest of the translators and grantors. While the interest of the vendors was not specifically stated, the purchaser was put on its guard, and warned that there were outstanding interests in the property which the vendors did not convey and were unwilling to convey. The deed declares that the vendor Eeehan was a widower and had three children, and one of these joined with her father in the sale--conveying her 'interest in the property. Furthermore, the deed referred to the source of the vendor’s ownership. The plaintiff had known the property for years, and knew his vendor and his family.
 

 In two weeks after the plaintiff purchased the interest of Feehan and one of his daughters the plaintiff, purchased the outstanding interest of three of the other heirs. -
 

 In view of these circumstances, it can hardly be said that in taking the deed the plaintiff believed or had reason to believe that it was acquiring the entire property—a just title from the person whom the plaintiff believed to be the real and true owner of the whole.
 

 To so hold would be to ignore entirely the principle so firmly embedded in our law and jurisprudence:
 

 “To be in good faith, the possessor must have the positive belief that he is the true owner of the property he holds. If he doubts the validity of his title, his possession cannot be the basis of the prescription of' ten years.” Knight v. Berwick Lumber Co., 130 La. 233, 57 So. 900.
 

 And again it was said in Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 So. 131:
 

 “Under the laws of Louisiana, the essential conditions of good faith in a possessor un- , der a defective title are that he was ignorant of the defects which vitiated his title, and that he had just reason to believe that he acquired a good title.”
 

 In the instant case the plaintiff had no reason to believe that its vendor, Feehan, was the owner of the entire property.
 

 On the contrary, the plaintiff had every reason to believe, and did believe, that Feehan was not the owner of the whole property, and that there were outstanding interests which were not conveyed. If this were not true, then why did the plaintiff accept the title which only purported to convey Feehan’s' interest in the property instead of having the deed convey the property itself? Why have Feehan’s daughter join in the deed and convey her interest if plaintiff believed Feehan the true owner of the whole?
 

 And again, 'why did the plaintiff seek out three other heirs and purchase their interest in the property if plaintiff believed that it had secured a just and valid title to the whole property from Feehan?
 

 The conclusion is inescapable that the plaintiff had knowledge of the-fact that the property was community property between Feehan and his wife, and, the latter being dead at the time of the sale, that one-half of the property vested under the law in the wife’s heirs.
 

 With this knowledge and information, the plaintiff must be held to have taken the deed at its own risk and peril, and subject to the claims of the other heirs, and hence cannot be said to be a possessor in good faith under a just title.
 

 What has been said, of course, is equally applicable to the prescription of 22 years pleaded by the lumber company.
 

 There appears to be no complaint as to the interest of the plaintiff and the several heirs as specifically fixed -in the judgment of the district court.
 

 The judgment is therefore affirmed, at the cost of plaintiff and appellant.