(135 So. 22)

**DAWSON et al. v. VICTORIA LUMBER CO., Limited.**
No. 28507.

April 27, 1931.

Rehearing Denied May 25, 1931.

John B. Files, of Shreveport, for appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

ST. PAUL, J.

In a former suit between the same parties, to which this is a sequel, we decided that these plaintiffs were owners of 9/32 of certain property of which this defendant was then in possession. See Victoria Lumber Co. v. Dawson et al., 159 La. 848, 106 So. 327.

It seems that in 1908 this defendant acquired all the right, title, and interest of certain parties to said land, which right, title, and interest proved to be only 23/32 of the property; but this defendant went into possession of the whole property, which was at that time vacant and unimproved.

It further appears that subsequently, to wit, during the year 1911, this defendant sold the whole of said property to one J. G. Hester, who, being apparently in ignorance of any defect in the title thereto, filled the lots to grade at a cost of approximately $1,000, and built thereon two houses at a cost of approximately $2,000 each, or, say, $4,000 for the two.

Thereafter, to wit, about January 1, 1913, Hester got into financial difficulties, and retransferred the property and improvements to this defendant, who has been in possession thereof ever since.

This is a suit to recover from defendant 9/32 of the rents and revenues of said property from January 1, 1913, to the time of

filing suit, say, March 31, 1926, a period of 13 years and 3 months.

To this claim defendant has pleaded in compensation (nominally reconvention) the value of the improvements on the land.

### I.

Both parties have pleaded the prescription of 10 years (Rev. Civ. Code, arts. 3478, 3544), against the demand of the other. Neither plea is well founded. It is true that in Liles v. Barnhart, 152 La. 419, 93 So. 490, it was held, and correctly so, that all claims for rents and revenue more than 10 years old at the filing of the suit were prescribed, notwithstanding the pendency of a petitory action for the land, if no such revenues were claimed in the petitory action. But this has no application where the defendant pleads something in compensation of such claims, for the plea of compensation is akin to the plea of payment, and not only admits the existence of the debt, but like payment must be imputed to the earliest part of the debt.

On the other hand, the right to claim the value of the improvements put upon the land does not arise until a person be evicted therefrom. Hence prescription cannot run against such claim until after eviction. Moreover, compensation takes effect by mere operation of law, so that one debt extinguishes the other by the mere fact of their existence at the same time. Both pleas of prescription are therefore overruled.

### II.

As the defendant bought the property from Hester, it has the same right, if any, which Hester might have had to reclaim the value of the improvements. And Hester seems to have bought in good faith. But, be that as it may, he was a co-owner with plaintiffs, and this court has held that a co-owner cannot be compelled to remove the improvements which he has placed upon

the land held in common, even if put there in bad faith. And hence he is entitled to reimbursement for their value. Wood v. Nicholls, 33 La. Ann. 744. This is all the more the case when the co-owner claims the revenues of the property whilst so improved.

"One of two joint proprietors may make and enjoy improvements on the common property, and that fact is only important when it comes to a settlement between the joint proprietors, the one making the improvements being in any event entitled to reimbursement, without which the other cannot share the resulting benefit." Jordan v. Anderson, 29 La. Ann. 749. We are therefore of opinion that defendant is entitled to reimbursement for the value of the improvements.

### III.

The evidence shows that it cost $4,000 to build the houses and $1,000 to fill the land so as to be able to build upon it. It further shows that the houses have always been kept in repair, and are worth to-day, owing to the tremendous increase in the price of materials and labor, at least $6,000.

### IV.

It therefore remains only to see if the net revenues of the property exceed the cost of these improvements. If they do, then plaintiffs are entitled to 9/32 of the overplus. If they do not, then plaintiffs have been recompensed in full.

The evidence shows that the two houses rented for $50 a month for the first 120 months, $75 per month for the next 12 months, and $65 per month for the last 27 months, making a total of $8,655. But from this must be deducted 15 per cent. or $1,298, for vacancy leaving a balance of $7,357. From this must be deducted 5 per cent., or $368, for commissions for collection, leaving a balance of $6,989 received by defendant. But out of this must be deducted taxes,

insurance, and the cost of street paving, aggregating $1,973, thus leaving a balance for net revenues of $5,016.

### V.

But it is only the cost of the improvements which can be allowed, not their value. Rev. Civ. Code, art. 508. And the jurisprudence is that works which are inseparable from the soil itself, such as filling may not be allowed. Voiers v. Atkins Bros., 113 La. 303, 36 So. 974. Hence defendant can recover only the actual cost of the buildings, to wit, $4,000; leaving a net balance to be accounted for $1,016, of which plaintiffs are entitled to 9/32, or $285.75.

### VI.

We have not allowed for repairs, including painting and papering, because such repairs were not additions but merely replacements of what was worn out; and hence defendant gets the compensation for these when it gets the full cost of the improvements without deduction for wear and tear.

#### Decree

The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs, Wallace Dawson et al., do have and recover from defendant, Victoria Lumber Company, Limited, the full sum of $285.75, with legal interest from judicial demand until paid and the costs of both courts.