36 So.2d 778

STANGA v. LAKE SUPERIOR PILING CO.

No. 38151.

June 1, 1948.

Rehearing Denied July 2, 1948.

Ponder & Ponder, of Amite, for petitioner-appellant.

Mary Purser, of Amite, and Benj. W. Miller of Bogalusa, for defendant Lake Superior Piling Co.

HAMITER, Justice.

On February 23, 1916, Claiborne F. Stanga (plaintiff's brother) sold to the defendant corporation, Lake Superior Piling Company, by a notarial act and for a cash consideration of $572, "All the pine timber of every sort and description on the NE¼ of NE¼ of Section 36 in Township 6, Range 9 in the Parish of Tangipahoa, State of Louisiana." The deed, which was duly placed of record, authorized defendant's entering on the land and constructing tramroads and railroads for the removal of the timber; but it stipulated no time limit for the effecting of the removal.

Some four years later Claiborne F. Stanga sold the land, for a recited consideration of $200, to the plaintiff herein.

This suit was filed May 28, 1945. In his petition plaintiff alleged that within two years after the execution of the timber deed defendant removed all of the pine timber merchantable in 1916, and abandoned the property; and that years later, after the abandonment, defendant again went upon the property, without any authority whatever, and removed some 50,-000 feet of pine timber and 40,000 feet of hardwood timber, all of which was not mer-

chantable in 1916 but was then mere saplings and seedlings. In connection with these allegations he pleaded, in the alternative, that defendant's right of removal prescribed in two or ten years from the date of the timber deed, or that he is entitled to have the court fix the expiration date and define merchantable timber as of the year 1916. He prayed for the annullment of the timber deed; for injunctive relief against defendant's further trespassing on the property; for a judgment against defendant in the sum of $4150 (damages resulting from the alleged trespass); and for all general and equitable relief.

Defendant denied generally the allegations of the petition and prayed for judgment dismissing the suit and awarding it $500 attorney's fees.

The district court, after trial, rendered judgment in plaintiff's favor fixing a period of six months (after the finality of the judgment) in which defendant should remove all pine timber purchased under its deed. But it rejected plaintiff's demands for nullification of the deed, for the injunctive relief, and for damages. Also, it rejected defendant's claim for attorney's fees, and it taxed the costs of the suit against that litigant. On a rehearing the judgment was amended to the extent of designating October 1, 1946, as the last day for defendant's removal of the timber.

Plaintiff appealed suspensively and devolutively. Defendant answered the appeal, praying that the judgment be annulled in so far as it ordered defendant to pay the costs of the suit and fixed a time limit for the removal of the timber.

The effect of the timber deed executed by Claiborne F. Stanga on February 23, 1916, was the creation in favor of defendant of an estate, separate and apart from the land, consisting of all of the then merchantable pine timber. Act No. 188 of 1904; Cooley et al. v. Meridian Lumber Company, Limited, 195 La. 631, 197 So. 255; Clark v. Weaver Brothers Realty Corporation, 197 La. 63, 200 So. 821 (and cases therein cited). The failure to fix a time limit in the deed for the removal of such timber did not invalidate the conveyance; the omission may be supplied by application to the courts. Kavanaugh v. Frost-Johnson Lumber Company, 149 La. 972, 90 So. 275; Brown v. Hodge-Hunt Lumber Company, Inc., 162 La. 635, 110 So. 886. Moreover, the transaction was a sale of standing timber, not the granting of a servitude, and the landowner cannot have the timber declared forfeited to him, or successfully plead abandonment against defendant's rights under the contract, until the removal time limit has been fixed and has expired. Simmons v. Tremont Lumber Company, 144 La. 719, 81 So. 263. This, of course, is subject to the rule that if the vendee once removes the timber purchased (that which was merchantable on the date of the sale), the contract is terminated, and he cannot later go upon the cutover land

and renew operations. American Creosote Works, Inc., v. Campbell et al., 172 La. 866, 135 So. 659; Taylor v. Southland Lumber Company, Inc., 162 La. 535, 110 So. 746; Clark v. Weaver Brothers Realty Corporation, supra.

The trial court found that the plaintiff herein had not sustained the burden (which he carried) of proving his allegations that defendant, following its purchase in 1916, went upon the land and cut all of the merchantable timber, and that later, after the lapse of several years and after the growth of small trees into large timber, it again entered and conducted cutting operations. We agree with that finding of fact, for in support of such charge plaintiff offered only the testimony of himself and of his brother to the effect that five or six years after the sale much of the timber (both pine and hardwood) was removed, but neither saw any timber operations on the land or knew who had removed the timber. The president of the defendant company, on the other hand, testified emphatically that no timber has ever been cut from the land in question by the Lake Superior Piling Company or by anyone else under its direction or authorization. Further, evidence was adduced tending to show that storms of 1909 and 1915 blew down most of the timber on the tract which was then suitable for sawmill operations. We hold, therefore, that the court correctly rejected plaintiff's demands for nullification of the deed, for damages, and for injunctive relief.

Plaintiff is entitled, however, to have judicially fixed a period of time within which defendant must remove the merchantable timber purchased under its deed of February 23, 1916, and to have the court determine what constituted merchantable timber as of that date. True, as defense counsel point out, plaintiff did not specifically pray for this relief; but his allegations covered it and he prayed for general and equitable relief, all of which, we think, sufficed. As held in Kinder v. Scharff et al., 125 La. 594, 51 So. 654, under a prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action.

The judgment of the district court (as amended) decreed that the timber be removed by October 1, 1946. But there is no evidence in the record disclosing what would be a reasonable time for the removal; further the date thus fixed expired during plaintiff's suspensive appeal to this court. For these reasons we shall remand the case for the reception of evidence on this point with instructions that the court, on the evidence to be introduced, fix a period for the removal to run from the finality of the judgment.

With reference to the issue of what constituted merchantable timber on February 23, 1916, the judgment is silent, and the evidence in the record is unsatisfactory. On the remand the district court is directed to receive further evidence on this issue and to definitely determine it.

The taxing of costs of the trial court against defendant was not improper in view of plaintiff's having succeeded in obtaining the judicial fixing of the period for removal.

For the reasons assigned the judgment of the district court is set aside in so far as it decreed October 1, 1946, to be the expiration date for the removal of defendant's timber, and the case is remanded for further proceedings according to law and consistent with the views herein expressed. In all other respects the judgment is affirmed. Plaintiff shall pay the costs of this appeal.

FOURNET, J., concurs.

PONDER, J., recused.

O'NIELL, C. J., absent.