REGAN, Judge.
Plaintiffs, Mr. and Mrs. William T. Fox, the vendees, brought this suit for $400.00 or double the amount of a deposit made on account of the purchase price of certain real estate, against the defendants, Warren A. Doll and Emile M. Doll, the vendors.
Defendants answered and admitted that $200.00 was deposited with them on account of the purchase price of certain real estate, but denied that plaintiffs were entitled to a judgment for double the amount of the deposit. Defendants further answered in reconvention by praying for specific performance of the agreement to purchase the property, and for all general and equitable relief.
The court, a qua, rendered judgment in favor of plaintiffs for $200.00 and dismissed defendants’ reconventional demand, hence this appeal by defendants. Plaintiffs have answered the appeal “praying that the judgment be amended by increasing the amount from $200.00 to $400.00, * * * or }n the alternative that said judgment be increased from $200.00 to $243.00 to cover the cost of certificates”.
The record reveals that on April 26, 1948, plaintiffs entered into an agreement to-purchase from defendants, for the price of $2,000.00, a certain piece of unimproved real estate, located in Royal Street, corner of Mandeville Street, in the City of New Orleans, and deposited on account thereof 10% or $200.00. In due course the title to this property was examined and the usual certificates were ordered and obtained by the notary employed by' plaintiffs to pass the act of sale. The paving certificate indicated a lien of $354.27, together with a penalty of 10% per annum delinquent interest. The correspondence which ensued thereafter, relative to this paving lien, between plaintiffs and defendants reflects the complete factual continuity of the matter and we shall, therefore, quote liberally therefrom.
Counsel for plaintiffs communicated with counsel for defendants and requested that the paving lien be removed and cancelled prior to the passage of the act of sale. On July 2, 1948, defendants’ counsel wrote to plaintiffs’ counsel that his clients, Messrs. Dolls, were “willing to put up $200.00 out of the cash portion of the Fox purchase to guarantee against all paving liens. This will be in escrow with the Globe Homestead. Mr. Doll is. having mimeographed copies made of the escrow agreement we have used in many cases. These will be ready probably tomorrow.”
On July 6, 1948, plaintiffs’ counsel replied to this letter by informing defendants’ counsel that he would not enter into such an escrow agreement as defendants’ counsel had suggested and that the “property must be delivered free from encumbrances within a reasonable time, say ten days, or I shall advise my client to demand the return of his deposit on. the ground that the vendor cannot deliver a clear and merchantable title, free from suggestion of litigation.”
On July 13, 1948, defendants’ counsel addressed and mailed a form of proposed escrow agreement to plaintiffs’ counsel. On the same date plaintiffs’ counsel wrote defendants’ counsel that his clients did not desire to enter into an escrow agreement and insisted that the property be delivered free and unencumbered from any paving liens. Plaintiffs’ counsel then made demand upon defendants “for the return of the deposit of $200.00 or that the outstanding paving claims against the property be cancelled within ten days from the date of this letter.”
*684 On September 14, 1948, defendants’ counsel wrote plaintiffs’ counsel that his clients were “ready to transfer the property, Mandeville and Royal, to your client, Mr. Fox; and since your client is unwilling to agree to an escrow of part of the purchase price until pending litigation regarding paying liens on this property is settled, will pay the paving in full on or before the passage of the act of sale”.
On September 16, 1948, plaintiffs’ counsel wrote defendants’ counsel that his client had instructed him to “make amicable demand for the return of his deposit of $200.00 in default of which return, to file suit for its recovery. * * * The title to the property was not clear nor merchantable, being subject to a large unpaid and uncancelled paving lien, which lien is still outstanding. Mr. Fox was compelled to purchase another location for his business (the record shows that plaintiffs agreed to purchase another piece of property on July 27th, 1948, and the act of sale was passed August 10th, 1948) and therefore has no further use for your lot. Under these circumstances I cannot conceive on what theory you consider the agreement binding on Fox after the lapse of more than four months”.
On September 23, 1948, defendants’ counsel wrote plaintiffs’ counsel “since Mr. Fox had been notified that the defendants would pay the paving (paving lien was “paid out” by defendants on September’20, 1948), there can be no justification in law for his refusal to fulfill his contract” and that his clients insisted upon fulfillment of this contract.
Shortly thereafter plaintiffs instituted this suit against defendants to recover double the amount of the deposit.
Plaintiffs contend that the defendants could not deliver a clear title in view of the existence of the paving lien and, therefore, conclude that they are entitled to the return of double their deposit of $200.00 as earnest money.
Defendants, on the other hand, maintain “that they were never put in default and never called upon formally to deliver title free and clear of encumbrances, and that plaintiffs had never once declared that they were ready to comply with their agreement to take title, to the property”.
In our opinion the existence of a paving lien in the amount of $354.27 against this property which is the subject of a contract of sale for $2,000.00, is no justification for refusal to accept title thereto where the total amount necessary to cancel the paving lien is less than the sale price of the property.
In Palmer v. Gelpi, et al., La.App., 18 So.2d 59, we quoted with approval from Richardson v. Charles Kirsch & Co., et al., La.App., 189 So. 146, 152, as follows:—
“ * * * It is well settled that, where there are conventional mortgages against property which forms the subject of a contract of sale, this is no legal justification for refusal to accept title where the total amount due on those mortgages is less than the price at which the property is to be sold.
“ ‘As to the incumbrance, it is well settled that a mortgage on the property forms no legal justification for refusing to accept title where the price agreed to be paid for the property is more than -sufficient to satisfy the mortgage debt. Grimshaw v. Hart, 6 Rob. 265; Kinberger v. Drouet, 149 La. 986, 999, 90 So. 367; Murphy v. Hussey, 117 La. 390, 41 So. 692. Jaenke v. Taylor, 160 La. 109, 106 So. 711, 714. See, also Lomel Realty Corporation v. Chopin, 177- La. 474, 148 So. 683.”
A fortiori, in our opinion, the deposit of $200.00 made by the plaintiffs in connection with the agreement to purchase now belongs to defendants and can be retained by them; for when plaintiffs receded from their agreement to purchase, their deposit was forfeited to the vendors, the defendants.
On appeal the defendants have abandoned their plea in reconvention for specific performance of the agreement to purchase, and now contend that, although no special plea is contained in their answer for the retention of the deposit of $200.00, nonetheless, defendants are entitled to this relief under their prayer “for all such general and additional relief herein, as *685 law, equity and the nature of the instant case may permit, justify and allow”.
Plaintiffs maintain that defendants are not entitled to this relief and point out that there was no special plea for the forfeiture of this $200.00 in the answer of the defendants; however, .defendants’ answer contained a full, complete and comprehensive prayer for general relief and under the existing uniform jurisprudence of our courts, we can properly render any judgment, although not specifically prayed for, which is justified by the pleadings.
“Under the prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action.” I Hennen’s Dig. (p. 734, 4) No. 5.
In Legier v. Braughn, 123 La. 463, 49 So. 22, 23, we read: “A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify. Leland v. Rose, 11 La.Ann. 69.”
In Kinder v. Scharff, 125 La. 594, 51 So. 654, it was held that a prayer for general relief authorizes a court of equity jurisdiction to render such judgment as the nature and justice of the case may require.
In Stanga v. Lake Superior Piling Company, 214 La. 237, 36 So.2d 778, it was held: “Under prayer for general relief, suited to nature and justice of case, court could render such judgment as would be given in a new suit, to avoid circuity of action, though demands for nullification of timber deed, for damages, and for injunc-tive relief, could not be granted.” (Syllabus) See, also, 22 T.L.R. 459 and 24 T.L.R. 66.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment on the main demand in favor of the defendants, Warren A. Doll and Emile M. Doll dismissing plaintiffs’ suit at their cost. It is further ordered that there be judgment in favor of plaintiffs in reconvention, Warren A. Doll and Emile M. Doll, permitting them to retain the deposit of $200.00.
Reversed.