70 So.2d 451

**JUNEAU et al. v. LABORDE.**

No. 41215.

Nov. 9, 1953.

Rehearing Denied Jan. 11, 1954.

Earl Edwards, Marksville, for defendant-appellant; A. J. Roy, Marksville, for defendant-warrantor-appellant.

Chester J. Coco and B. C. Bennett, Jr., Marksville, for plaintiffs-appellees.

LE BLANC, Justice.

This case was once before this Court at which time one of the principal issues was decided and it was remanded to the district court for further proceedings. See Juneau v. Laborde, 219 La. 921, 54 So.2d 325.

The main issues and part of the facts are stated in the original opinion. It is therein indicated that the suit is one in which certain heirs of a deceased mother seek to recover the undivided interest they claim in a tract of land in Avoyelles Parish which had been sold by their father after their mother's death without regard to it having been community property. It is necessary now that the issues be further stated.

The defendant in suit, present title holder, resisted the demand claiming a good title and especially a prescriptive one under Article 3478 of the LSA–Civil Code.

He then called his vendor, the present title holder, in warranty under his deed of purchase and asked in the alternative, that in the event he be cast in judgment that he recover judgment in turn against his said warrantor for the amount of the purchase price of the property, the value of the improvements erected by him together with the increased value of the land produced by his labor and the costs occasioned by this suit including attorney's fees he had obligated himself to pay.

The warrantor answered, adopting all the defenses presented by the defendant and he set out the additional defense that the purported sale of the property to him was never in fact a sale but merely a retrocession of the property in consideration of the release and cancellation of the mortgage and the mortgage notes he held against it. He further urged that after the retrocession he took possession of the property, paid the taxes, rented it and collected the rent during all of which time he was never molested nor were any claims or interests ever made by the plaintiffs to or in it. He lastly avers that in the event defendant be cast in judgment, then in the alternative, plaintiffs should be cast for the value of the useful improvements made by the defendant.

On the original hearing, the judgment of the district court which had only decreed the plaintiffs to be the owners of an undivided $^{65}/_{140}$th (an undivided thirteen one hundred and fortieth, each,) interest in and

to the property, was affirmed to that extent. However, after holding that part of the judgment to be correct, the opinion states further:

"But it fails to determine an issue among all of the parties respecting the improvements placed on the land by the defendant, and also it does not satisfactorily adjudicate on the extent of warrantor's liability to defendant. We are unable to make a determination of these several disputes, because of the insufficiency of the evidence in the record, and for that purpose the case will have to be remanded to the district court for further proceedings." [219 La. 921, 54 So.2d 329.]

This statement is followed by the decree which includes the order to remand the case "to the district court for further proceedings according to law and consistent with the views herein expressed."

Notwithstanding the fact that the case was ordered remanded for the reason of the insufficiency of evidence on which to determine the issues mentioned, the parties, on the remand, entered into a joint motion stipulating that it "would be a useless formality" to reset "the case for trial or for further evidence inasmuch as there is sufficient evidence in the record to adjudicate all matters still in controversy" and accordingly the case was submitted to the court on the evidence already presented.

Judgment was then rendered decreeing plaintiffs and defendant to be co-owners of the property, "with all buildings and improvements thereon" and awarding judgment in favor of defendant against his warrantor in the sum of $3018 representing $65/140$th of the cost of useful improvements placed by defendant on the property, plus $557.14 representing $65/140$th of the original purchase price and the additional sum of $200 as expenses incurred by defendant in the preservation and maintenance of the property during his occupancy. The judgment further denied the demand for rescission of the sale and also that for taxes.

Both the defendant and the warrantor appealed from the judgment rendered, the former devolutively and the latter suspensively and in the alternative, devolutively. The plaintiffs did not appeal.

Evidently the parties were unable to produce any more evidence as directed by the order of remand and so we will have to dispose of the issues still remaining undecided on the record as presented.

The principal, if not the only contention of the warrantor made on appeal is that the judgment did not allow him the full amount of the value of the useful improvements placed by him on the property; that the only proof of their value in the record is that found in the uncontradicted testimony of the defendant and the award made is $582 less than what that testimony shows. By his appeal the warrantor seeks

to have the plaintiffs, rather than he, cast in judgment for the value of the improvements as they have been decreed the owners thereof, his contention being that they will be unjustly enriched if allowed to receive these improvements without paying for same. He also renews his demand for the unpaid purchase price which was owed by the father of the plaintiffs at the time he returned the property and also his demand for the taxes paid by him. The only fault the plaintiffs find with the judgement is that it does not give them the right of election as owners of the land with respect to works made by third parties not in good faith, as provided for in Art. 508, LSA–Civil Code.

There is no question as to the warrantor's liability to the defendant for the price of the fractional interest in the land from which the latter has been evicted. LSA–C.C. Art. 2506. There are also other rights to which the evicted buyer is entitled as pointed out in the same article such for instance as to claim costs occasioned by the suit and others. Also under Art. 2509, LSA–C.C. "the seller is bound to reimburse, or cause to be reimbursed, to the buyer, by the person who evicts him, all useful improvements made by him on the premises."

■ Ordinarily it would seem that before the buyer's rights under this last mentioned article can be determined, the rights of the plaintiffs to exercise their election with regard to the improvements given by Art. 508, LSA–C.C. would have to be considered. That, we understand to be the contention of the plaintiffs but is one which they cannot raise for the reason that they did not appeal from the judgment rendered below nor did they answer the appeals taken by the other parties. As to them the judgment is now final and must be construed as an election on their part to take the improvements at the cost of materials, etc. In the case of Snider v. Smith, Manning's Unrep.Cas., 262, it is stated:

"Where a defendant in a petitory action is a holder in bad faith, the plaintiff can elect whether to take the buildings at the cost of materials, etc., or require the defendant to remove them, but the election ought to be made before final judgment. The omission of the plaintiff to have the judgment modified, it being for a fixed sum to be paid for the buildings, concludes him, and is to be construed as an election to take them."

As we hold under that authority and also by their acquiescence in the judgment appealed from, that the plaintiffs are concluded by that judgment on this matter and they are now held to have elected to take the buildings and improvements it necessarily follows that they will have to pay their value to the warrantor unless it be, as they contend, that warrantor has precluded himself from claiming them by his pleadings.

Looking at warrantor's answer to the petition of plaintiffs we find that in Article 12, he avers "that in the event Guidry Laborde (defendant) should be cast in this cause, and in the alternative only, then plaintiffs should be cast in judgment for the actual value of the improvements made by defendant, Guidry Laborde, upon the property in question." Whilst it is true that the prayer of the answer is for the dismissal of plaintiffs' suit, there is a further prayer "for all orders and decrees that may be necessary, proper or required and for all general and equitable relief in the premises".

■ This Court has held that where certain relief is not specifically prayed for but the special matter is specifically alleged, a prayer for general and equitable relief will suffice. In Stanga v. Lake Superior Piling Co., 214 La. 237, 36 So.2d 778, 780, the Court stated: "True, as defense counsel point out, plaintiff did not specifically pray for this relief; but his allegations covered it and he prayed for general and equitable relief, all of which, we think, sufficed. As held in Kinder v. Scharff, 125 La. 594, 51 So. 654, under a prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action."

■ Regarding warrantor's request for taxes, unlike the demand for improvements, his answer contains no specific allegations concerning them and they cannot be allowed under the general prayer for general and equitable relief.

■ With respect to the request for the unpaid part of the original purchase price of the property the testimony is too indefinite to support such demand.

Under our ruling that plaintiffs are now held to have elected to retain the improvements, we conclude that warrantor is entitled to judgment against them for their value. The trial judge apparently determined their value at a lesser amount than is shown by the record. According to the defendant, whose testimony is uncontradicted on this point, the improvements and their respective values consisted of the following: A residence, $4000; barn $1400; a garage, $500; two wash houses, $300; two chicken houses, $200; a cistern on brick foundation and water system, $150 and fencing, $400. The total of these values is $6950, the $^{65}\!/_{140}$th of which is the sum of $3226.60 or $208.60 more than the $3018 allowed the defendant in the judgment that is appealed from.

■ There are other items of improvement and their cost which defendant testified to but which cannot be recovered. One of these is clearing the land and fertilizing a part of it, another, a drainage system, another, two ponds and still another, a few fruit trees. All of these are inseparable from the soil and as such are not to be compensated. On this point we

quote from the syllabus in the case of Voiers v. Atkins Bros., 113 La. 303, 36 So. 974, as follows:

"The possessor ·in bad faith is entitled to recover from the owner of the soil only for those improvements of which the owner may order the removal. He cannot recover for ditching, clearing land, and other improvements inseparable from the soil. It makes no difference how much the value of the land has been enhanced thereby. In such a case the principle by which one man is not permitted to enrich himself at the expense of another has no application."

See also, Dawson v. Victoria Lumber Co. Ltd., 172 La. 676, 135 So. 22.

We conclude therefore that there must be judgment in favor of the defendant against the warrantor in the sum of $3226.-60 representing $^{65}/_{140}$th of the value of the improvements placed on the property for which he is entitled to recover, and in turn, judgment for the like amount in favor of warrantor against the plaintiffs who are held to have elected to keep the improvements. Judgment must also be rendered in favor of the defendant against the warrantor for the $^{65}/_{140}$th of the amount of the purchase price of the land, in restitution thereof. The purchase price was $1200, $^{65}/_{140}$th of which is $557.14. In addition the defendant is entitled to judgment against warrantor in the ·sum of $200 as costs oc-

casioned by this suit. See Article 2506, LSA–Civil Code.

The judgment appealed from is therefore recast so as to read as follows:

It is therefore ordered, adjudged and decreed that plaintiffs and defendant be adjudged co-owners of the following described tract of land, together with all buildings and improvements thereon, and, accordingly, that there be judgment herein in favor of Kermit Juneau, Cliffie Juneau, Christine Juneau, Wife of Oliver Brouillette, Ura Juneau, Wife of Elie Ponthieux, and Eldie Juneau, decreeing them to be the owners of an undivided $^{13}/_{140}$ths each of the hereinafter described property, with improvements, and decreeing Guidry Laborde the owner of an undivided $^{75}/_{140}$ths of the said property, with all improvements thereon, same being described as follows:

A certain tract or parcel of land containing sixty-five and $^{50}/_{100}$ (65.50) acres, more or less bounded on the North by Estate of Louis B. Bonnette and R. Lee Laborde, South by Abelus Dauzat, East by Abelus Dauzat and West by Mrs. Scott Williams, being the same property acquired by Jos. Escude from Trcsimond Juneau, August 9th, 1932, recorded in Alienation Book A–56, page 172 of the Conveyance Books and Records of Avoyelles Parish, La. and same acquired by Guidry Laborde from Jos. Escude on Oct. 12, 1936, recorded in Alienation Book A–75, folio 481 of the same records, said property be–

ing located in Section 61, Township 3 North, Range 3 East and Section 2, Township 2 North, Range 3 East Avoyelles Parish, Louisiana.

It is further ordered, adjudged and decreed that there be judgment in favor of the defendant, Guidry Laborde against the warrantor, Joseph L. Escude, in the sum of Three Thousand, two hundred twenty-six and 60/100 ($3226.60) Dollars, together with legal interest from date of judicial demand, until paid, and in turn that there be judgment for the same amount with interest, in favor of warrantor, Joseph L. Escude, against the plaintiffs, Kermit Juneau, Cliffie Juneau, Christine Juneau, wife of Oliver Brouillette, Ura Juneau, wife of Elie Ponthieux and Eldie Juneau.

It is further ordered, adjudged and decreed that there be judgment in favor of the defendant, Guidry Laborde, against the warrantor, Joseph L. Escude, in the sum of Seven Hundred and fifty-seven and 14/100 Dollars ($757.14) with legal interest from judicial demand until paid.

It is further ordered, adjudged and decreed that the demands for the rescission of the sale, for the payment of the alleged balance of the purchase price and for taxes be and they are hereby denied.

All costs involved are to be borne by all parties herein in the proportion of one-third by the plaintiff, one-third by the defendant and one-third by the warrantor.

PER CURIAM.

In an application for a rehearing, plaintiffs complain, among other things, that we granted interest on the judgment against them notwithstanding that the warrantor did not expressly allege and pray for it in his pleadings.

The record sustains this complaint and, since interest on the award was inadvertently included in our decree, the judgment in warrantor's favor against plaintiffs is hereby amended so as to disallow interest thereon. In view of this change in the judgment, warrantor is accorded the privilege of applying for a rehearing within the time prescribed by law.

The application for a rehearing is denied.