REID, Judge.
This is the second time that this case is before this Court. Briefly the facts as set out in our original opinion (La.App., 192 So.2d 186) are that plaintiff brought an eviction proceeding against David Bates. Bates in his answer denied all the allegations of plaintiff’s petition. In addition he set forth affirmative defense to the effect that plaintiffs gave him permission to build a new home on a piece of property with the understanding that Jack Alexander, husband of Sarah Williams, now deceased, was to give a deed to David Bates for certain property surrounding his house. He further plead that Jack Alexander was in bad health and consequently died before a donation or deed could be made, and that David Bates was entitled to a deed to the property on his place.
The matter was originally decided by this Court, holding that the affirmative defense could not be proved by parol evidence and that title to the property neither could be proved by waiver or estoppel, and that the title to realty could only be proven in a manner prescribed by law, such as a deed, inheritance or prescription. The Court further held that the donation must be made by an authentic act. See LSA-C.C. Article 1536. The Court then remanded the case to the Lower Court because no evidence was taken and no affidavits filed and no stipulations or facts filed in the record and in view of the defendant’s denial of all allegations of facts in plaintiff’s petition it could not be considered as true and there was no facts before the Court on which to base a judgment of eviction.
Subsequent to this the defendant filed a supplemental and amended answer and affirmative defense and reconventional demand, setting forth that the defendant by virtue of the verbal permission to occupy a tenant house on Jack Alexander’s land and later to add a new room and a new roof to the house, did so at a cost of $770.00, with the understanding that Alexander would grant him a deed to the property or a donation of the property. Defendant further alleged that certain heirs of Jack Alexander, namely, George Alexander, Joe Alexander, Jenny Alexander Pittman, Sophia Alexander Williams and Bertha Alexander Bates had donated a 75 x 100 foot lot to the defendant, and claimed that he was the record owner thereof by virtue of said donation.
Plaintiff filed an exception of no cause or right of action to the defendant’s reconven-tional demand and further answering denied the allegations of the reconventional demand.
The exception of no cause and no right of action to the reconventional demand was referred to the merits by the Lower Court on the date of the trial on the merits.
On this matter the case was tried and the Lower Court rendered a judgment in favor of the plaintiff against the defendant commanding the defendant to vacate the prem *765 ises described in the petition, and in the event he failed to do so within twenty-four hours after rendition of the judgment a writ of possession issue therein.
From this judgment the defendant appealed herein. Subsequently plaintiff filed a motion for a writ of possession which was signed by the Judge of the Lower Court.
Defendant appellant assigns two errors of the Lower Court. First, that it was error to disallow defendant’s evidence of the donation from his wife’s co-heirs to him of the property he is living on, and next to reject plaintiff in reconvention, David Bates’ claim for reimbursement for expenses he paid for the improvements he paid on the plaintiff’s place.
Defendant appellant in his Brief states that there are four issues in this suit: First, can a defendant in an eviction suit take a devolutive appeal; second, can a person waive an objection to the use of summary proceedings; third, should David Bates, the defendant, have been evicted; and fourth, should David Bates have been compensated for the improvements he made on the property. The first two of these issues do not seem to be contested by the appellee. The appellee did not file any motion to dismiss the appeal as a devolutive appeal nor did the defendant appellant make any objection to the use of summary proceedings in this matter. In his answer and reconventional demand he sets up claims for reimbursement of money expended in improving the property and that the defendant had title to the property by virtue of the donation from the purported heirs of Jack Alexander. Both sides admitted that ordinarily these issues would not be raised in a summary proceeding, but with a desire to avoid a multiplicity of suits they asked the Court to pass on it. The Trial Judge did reject the introduction into evidence of the donation from the heirs to Bates on timely objection made by the ap-pellee, and refused to admit it. The objection by the appellee was based on the fact that the very parties who were the donors and donees in that particular act of donation had previously filed a suit to annul the judgment in the Succession of Jack Alexander No. 4513 on the docket of the 21st Judicial District Court. The judgment of the Lower Court dismissing their suit at their costs was not timely appealed and writs were refused by this Court on November 3, 1965 on the grounds that the judgment of the Trial Court was final prior to the filing of the appeal.
Plaintiff herein offered in evidence at the trial of this case on the merits a certified copy of the last Will of Jack Alexander and of the judgment rendered in the Succession of Jack Alexander recognizing plaintiff as the sole heir of the decedent and sending her in possession of all the property and decreeing same free from inheritance tax which judgment was rendered and signed on March 10, 1964. A letter is in evidence which was sent by certified mail to David Bates which letter was returned by the post office authorities on July 13, 1965 with a notation “Refused”. Plaintiff appel-lee further offered in evidence a summary judgment rendered in the same succession maintaining a motion for summary judgment and rejecting plaintiff’s demands at their cost. This judgment was dated May 7, 1965 and a certified copy of the order of this Court refusing writs of certiorari, prohibition and mandamus in the Succession of Alexander No. 6683, dated November 3, 1965.
We, therefore, conclude that plaintiff in rule having shown a record title to the property was entitled to bring this suit for eviction. There is no question but what the demands to vacate were properly made on the defendant by registered mail which he refused to accept.
The defense that the defendant was the record owner of the property by virtue of the alleged donation from the heirs of Jack Alexander must be disallowed because of the fact that the alleged donors and do- *766 nees had been rejected in their demand to set the Will aside and have them recognized as the heirs of Jack Alexander. The act of donation, had it been admitted, would prove nothing in view of this and the appellant would gain nothing by virtue of the same.
This brings us to the question of the expenses and costs of the improvements allegedly placed on the property involved herein by the defendant, David Bates. Jack Alexander died on January 18, 1964. We believe that these two items, one for labor and one for materials are governed by the parol evidence rule set out in LSA-R.S. 13:3721. This Article reads as follows :
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or leagtees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of death of the deceased.”
 In addition we have held herein that the defendant was a possessor in bad faith and have ordered his eviction. This being the case we believe that the rule laid down in Voiers v. Atkins Brothers, 113 La. 303, 36 So. 974, is in point. This case held as follows :
“3. The possessor in bad faith is entitled to recover from the owner of the soil only for those improvements of which the owner may order the removal. He cannot recover for ditching, clearing land, and other improvements inseparable from the soil. It makes no difference how much the value of the land has been enhanced thereby. In such a case the principle by which one man is not permitted to enrich himself at the expense of another has no application.”
See also Juneau v. Laborde, 224 La. 672, 70 So.2d 451.
For these reasons the judgment of the Trial Court is affirmed at appellants’ costs.
Affirmed.