MARIA LATE *v.* EDWARD ARMORER AND THOMAS J. FRISBY.

*The warrantor is not liable for the fees of the attorney employed by the party evicted.*

*The warrantor cannot object to the admissibility of evidence regularly taken by commission, previous to his being made a party to the suit.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*H. J. Hays,* for plaintiff. *Ogden & Stansbury,* for defendant. *T. J. Semmes,* for warrantor and appellant.

VOORHIES, J. The warrantor, *T. J. Frisby,* who is appellant from the judgment of the lower court, asks relief upon the assignment of two errors.

The first is, that the court allowed counsel fees to the defendant. This point has been determined in the case of *Heirs of Delord Sarpy* v. *City of New Orleans,* 14 An. 311, on which occasion the court said : " The warrantor is not liable for the fees of the attorney employed by the party evicted. Costs, in the third clause of this Article, (C. C. 2482,) refer to the taxed costs of suit, and not the fees of attorneys." The judgment in the present case is, therefore, erroneous in this respect.

The record contains a bill of exception to the admissibility in evidence, as to the warrantor, of some testimony taken by commission previous to his being made a party to the suit. The objection is, that he has thus been deprived of the privilege of cross-interrogating the witness.

Had this suit been decided in the absence of the warrantor, the judgment would have been binding upon him, unless he could have shown that he possessed proof, which could have occasioned the rejection of the demand, and which had not been employed. C. C. 2494.

But, although regularly summoned by the defendant, and present in court by his answer to the call in warranty, he has suggested no facts or means of defence of which the defendant might have availed himself in this controversy. The evidence objected to by him, he admits to be good to make out a case against the defendant ; if so, the judgment upon such evidence is binding upon himself, unless he can make out a case under the Articles 2493 and 2494 of the Civil Code. But we have seen that such is not the position he assumes or occupies.

Were we to grant the warrantor's request by leaving the testimony in question to militate against the defendant alone, the result would, in this instance, be the same. The latter would yet have a *prima facie* case ; and accordingly, the former having failed to show any means of defence whatever against the plaintiff's demand, judgment must be rendered sustaining the call in warranty.

It is, therefore, ordered and decreed, that the judgment of the lower court be amended, by striking out the allowance of counsel fees ; and that, in other respects, it be affirmed ; the defendant paying the costs of appeal.