No. 3050.—Widow L. P. BECNEL, Tutrix, *v.* MICHEL A. BECNEL.

When one joint owner of a plantation remains on and cultivates a portion of the land not exceeding one-half, the other joint owner who does not choose to occupy the plantation, or any portion thereof, in the absence of a lease or agreement to pay rent, has no right of action against his joint owner who has cultivated a portion of the land for the rent thereof. Nor has the joint owner who cultivated a portion of the land, any right of action or legal demand against his joint owner for improvements or repairs made on the place to aid him in securing his crop.

APPEAL from the Fourth District Court, parish of St. John the Baptist. *Beauvais*, J. *F. P. Poché*, for plaintiff and appellee. *Cooley & Philips* and *John H. Ilsley*, for defendant and appellant.

WYLY, J. The plaintiff, a co-proprietor of the defendant, sues him for rent of the plantation, owned by them jointly, for the years 1867, 1868 and 1869.

The defendant had entered into no contract of lease but merely concluded to remain on the plantation and cultivate a part of it, less than half, after the plaintiff had determined not to cultivate any part of the land, and had voluntarily moved to another plantation in the neighborhood.

It is not pretended that the defendant dispossessed the plaintiff, or in any manner interfered with the enjoyment of her proprietary interest, or that he cultivated more than an amount equal to his half of the plantation. If, instead of abandoning it, she had remained on the common property, she could not have prevented the defendant from enjoying at least half of it, while she was enjoying the other half. Her abandonment of the thing held in common did not impose an obligation on her co-proprietor also to abandon it; nor did it produce a legal obligation compelling him to pay her rent for using that which he would have had the right to use, had she remained.

How the right of action asserted by the plaintiff arose in her favor, we can not imagine. The obligation certainly did not spring from a quasi contract. The defendant having merely administered his proprietary interest, without in the least impairing the right of his co-proprietor likewise to use and enjoy hers, can not fairly be said to have undertaken, of his own accord, to manage the affairs of another or to have assumed an agency, thereby contracting the tacit engagement to continue it and to complete it—incurring all the obligations of an express agency. C. C. 2274. The obligation certainly did not spring from either of the other four sources known to the law, from whence all legal obligations arise. And we must, therefore, conclude that the right asserted by the plaintiff is not supported by a legal obligation, and that it can not be enforced.

As to the plea in reconvention set up by the defendant for the value of his labor in cleaning the ditches and the slight repairs to the sugar-house and other constructions necessary for the taking off of his crop, we will remark that there is no merit in it. His co-proprietor is not bound to pay him for the slight improvements made in aid of his crop, and this demand is as shallow and unreal as that of the plaintiff.

The judgment of the court below in favor of the plaintiff and against the defendant for $5250 and costs of the suit is manifestly erroneous.

It is therefore ordered that the judgment of the court a qua be reversed, avoided and annulled; and it is now ordered that there be judgment for the defendant, with costs of both courts.