## No. 8198.

### HEIRS OF J. D. & H. B. BALFOUR VS. L. G. BALFOUR.

An agreement between Plaintiffs and Defendant, entered into in December, 1873, by which the latter was to pay the former, as part of a certain compromise between them, the sum of $600, as their half of the rents for the year 1873 of a plantation belonging jointly to the parties, does not constitute a lease and cannot be the basis of the tacit reconduction for subsequent years.

The joint proprietor of a plantation who cultivates half of it for his own account, without preventing his co-proprietor from occupying and cultivating the other half, is not liable to the latter for rent of the common property. Affirming decision in Becnel vs. Becnel, 23 An., 150.

APPEAL from the Eighth Judicial District Court, parish of East Carroll. *Delony*, J.

*Chas. Pilcher* for Plaintiffs and Appellants:

First—That plaintiffs and defendant were undivided proprietors of the effects of the succession of their common ancestor, W. L. Balfour, for the part or portion coming to each of them, which, among them, forms as heirs a community of property as long as it remains undivided. R. C. C. 1292.

Second—That plaintiffs' interest in the Ayrie plantation, belonging to the said succession, being recognized and fixed by defendant as one undivided half interest of said plantation, they were entitled to one-half of the rents or revenues of same, which formed a community of property so long as the said plantation remained undivided. R. C. C. 1292.

Third—That, as owners in common with defendant of said undivided interest, plaintiffs were authorized to lease to defendant their said interest, for a certain price, in lieu of their one-half interest in the revenues of said plantation. That said lease of the said undivided interest in the said plantation continued beyond the year in which it was made, and from year to year thereafter, until the final partition of the plantation.

Fourth—That by reason of the facts that defendant continued to occupy the dwelling and other improvements belonging to the whole plantation, after the first year had expired, and without notice to plaintiffs of his varying terms of his original lease, there was a tacit reconduction of the agreement of lease from plaintiffs to defendants, of their undivided one-half interest in said plantation, for the years 1874, 1875, 1876, 1877 and 1878, and that defendant is bound for same. 2 L. R. 161, 404; 6 R. 262; 1 An. 17; 5 An. 302; 9 An. 504; 20 An. 190; 21 An. 743.

Fifth—That the relation of plaintiffs and defendant to each other, as joint owners and co-

proprietors of the capital (i. e. the rents), which proceeded from the plantation which they held in indivision, being thereby governed by the law of partners, the plea of prescription cannot prevail. Pothier, Obligations, vol. 2, p. 100; 3 L. R. 551; 10 An. 221; R. C. C. 2890; 12 An. 354; 14 An. 740, 742; 16 An. 170.

*W. G. Wyly* and *J. M. Kennedy* for Defendant and Appellee:

Defendant maintains that:

A joint owner, who uses no more than his share of the common property, in the absence of a lease or an agreement to pay rent, owes no rent to his co-proprietors. 23 An. 150, Becnel vs. Becnel; 26 An. 255; 23 An. 502.

A reconduction of a contract of lease is itself a contract, made so by operation of law; there can be no reconduction without there first being a *conventional* lease, and without the lessee having *occupied* the leased premises after the first contract had expired. C. C. 2688 and 2689.

The prescription of three years applies to claims for rent on open account. C. C. 3538; 24 An. 73; 22 An. 581; 1 An. 211.

The opinion of the Court was delivered by

FENNER, J.   Plaintiffs, for one undivided half, and defendant, for the other undivided half, were joint owners of the Eyrie plantation, in the parish of East Carroll, from December 1st, 1873, when plaintiffs acquired their half interest by conveyance from the defendant, to the year 1879, when there took place a judicial partition between them.

Plaintiffs, in their petition herein, aver that in the deed by which defendant sold to them the half of the plantation, he stipulated "to pay them six hundred dollars as their half of the rents of said place during the then current year, 1873; that the said Balfour has been in possession of their undivided interests, and has enjoyed the use of same, and is indebted to petitioners the rent of said interests during the years 1874-5-6-7 and 8, which were well worth the sum of six hundred dollars *per annum*," for which sums they claim judgment against defendant.

The evidence, affecting the decision of the case, consists of—

1st.   The deed from defendant to plaintiffs, dated December 1st, 1873, wherein the former conveys to plaintiffs the undivided one-half interest, the consideration of which transfer is declared to be the compromise of certain claims asserted by plaintiffs against the plantation for legacies left them by the will of the common father of plaintiffs and defendant, the amount of which claims was, by the compromise, fixed at ten thousand dollars.   The deed further recites that "in consideration of the said sum of ten thousand dollars so due them, and in consideration of a compromise and settlement, etc., etc., he, the said L. G. Balfour, makes the above sale, transfer and conveyance, and agrees to pay to said parties the sum of six hundred dollars as their half of the rents of said place during the current year 1873, they paying one-half of the taxes of the current year on said property."

2nd. The following admissions by the parties, viz.: that the rent of the entire plantation was worth $1200 per annum during the years 1874-5-6-7 and 8; that defendant occupied the dwelling-house on the plantation during the years mentioned; but that his co-proprietors did not offer or seek to occupy any part of the joint property; and that defendant never cultivated more than one-half the plantation, and never, at any time, used more than one-half of it in any way.

## I.

Counsel for plaintiffs, in his argument in this Court, basis the right of recovery mainly upon the proposition that the clause quoted above from the deed of conveyance, touching the rents of 1873, is evidence of a contract of lease for that year, which lease was continued from year to year by tacit reconduction, during the whole term of defendant's occupancy.

It would require great liberality of construction to reconcile this position with the allegations of plaintiffs' petition, which seem very clearly to rest their demand, not upon a contract, but upon a *quantum meruit.*

It is not necessary, however, to consider this question too nicely, because, even if properly pleaded, the position is not maintainable under the evidence. It is self-evident that the existence of a distinct contract of lease is a necessary condition precedent to the tacit reconduction thereof.

The Code defines the lease of a thing to be "a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time for a certain stipulated price, which the other binds himself to pay him,"

An agreement to pay a certain sum for the past enjoyment of a thing, which had not been held under any contract of lease express or implied, is not a lease.

The deed was only executed in December of 1873. Prior to that time defendant held as owner, with title admitted on the face of the deed. He agreed to pay them $600, not as rent due by him as a lessee, but as their half of the *rents* of the place during 1873, the term being the evident equivalent of revenues or rents from others to whom the place might have been possibly leased by him. The consideration of the payment is not the enjoyment of the thing, but is expressly stated, in the deed itself, to be the compromise and the $10,000 due them thereunder.

The contract presents no element of a lease, and the claim of reconduction has nothing to rest on.

## II.

If, on the other hand, plaintiffs' claim be treated as an equitable

demand, on a *quantum meruit,* founded on a *quasi* contract, the case falls precisely within the sound and equitable doctrine of Becnel vs. Becnel, 23 An. 150. There, upon a state of facts identical with those here presented, the Court said: "It is not pretended that the defendant dispossessed plaintiff, or in any manner interfered with the enjoyment of her proprietary interest, or that he cultivated an amount more than equal to his half of the plantation. * * The defendant, having merely administered his proprietary interest, without in the least impairing the right of his co-proprietor likewise to use and enjoy hers, cannot fairly be said to have undertaken, of his own accord, to manage the affairs of another, * * incurring all the obligations of an express agency. C. C. 2274."

This is common sense, and good law. Because some part-owners of a plantation, which, unless occupied and cultivated, runs to ruin, choose to abandon it, their co-proprietor cannot be prevented from administering his interest therein for its preservation and his own profit; and as long as the former abstain from asserting their rights and he interposes no opposition to their enjoyment of them, they have no legal claim against him.

The District Court administered complete justice; and the judgment appealed from is, therefore, affirmed, plaintiffs appellants to pay costs of their appeal.