## No. 168.

### J. & P. LAMERLEC *v.* ANTHONY BARTHELMY.

1. Where a purchaser, evicted. asks relief against his warrantor, held. that he can recover from such warrantor only:
    1. Restitution of the price (originally paid by the evicted one).
    2. The amount of fruits and revenues, if these have been recovered from him with the property.
    3. The costs of suit in warranty, or of that brought by the original buyer.
    4. The damages suffered, if any, besides the price he has paid.
2. The party evicted cannot recover from his warrantor any sum, as damages, calculated upon the increased value of the property.
3. Neither can he recover counsel fees paid.
4. Where a universal legatee sells property belonging to the succession which comes to him, he thereby accepts.

*Appeal from Civil District Court. Houston, J.*

*Chas. Louque* for plaintiff.

*E. Sabourin* for defendant.

*J. P. Hornor & Baker* for Warrantor Duchesne, Appellant.

*C. F. Buck & Wynne Rogers* for City of New Orleans.

ROGERS, J.—The plaintiff, having been evicted from the title to certain real estate, brings this action in warranty against his vendor, the defendant, to recover the purchase price, $750. The defendant calls in warranty his immediate vendor and prior

vendors, Zanoli, Duchesne and the City of New Orleans; Duchesne asks for a judgment in warranty against the City of New Orleans, and in addition to praying for the same judgment against the City that may be rendered against them, Barthelmy and Duchesne ask for the further sum, each, of two hundred and fifty dollars counsel fees.

Judgment was rendered in favor of plaintiff for the purchase price, $750, with legal interest from judicial demand against defendant; in favor of Barthelmy against Duchesne for $650, with like interest, the amount of his purchase price, and in favor of Duchesne against the City of New Orleans for $170, with like interest, and also for amount of purchase price received by that corporation.

Barthelmy and Duchesne have appealed.

Inasmuch as both the appellants claim more than the amount of the prices paid by them and counsel fees, the first question to be answered is: can this increase both in the prices paid, as representing the apparent enhanced value of the property, and the damages alleged as counsel fees, be allowed under Art. 2506 La. Civ. Code?

The jurisprudence of this State on this subject received from the Supreme Court a full and pronounced review. So important was the question considered, that four separate opinions were delivered—one being in dissent by Justice Rost. Burrows vs. Pierce, 6 La. An. 298.

The Code of 1808 (Art. 57, p. 354), which provided that a person evicted could recover from his vendor the augmentation of value above the price paid, was omitted expressly in the Code of 1825; and the omission was made upon the request of the jurisconsults, who presented reasons why the rule provided by that Article should be abrogated. Immediately after the adoption of the Code of 1825, the Supreme Court passed upon the question. Morris vs. Abat et al., 9 La. 552.

It was there held that the increased value of the property could not be considered in affording the buyer indemnity under the warranty; but by the adoption of the Code of 1825, the

Article of the Code of 1808 (No. 57) was suppressed and the vendor's liability restricted by Art. La. C. C. 2506, to:

1st. The restitution of the price.

2d. To that of the fruits or revenues, if the party has been obliged to return them.

3d. That of costs occasioned either by the suit in warranty on the part of the buyer, or by that brought by the original buyer.

4th. The damages, where he has suffered any, besides the price that he has paid.

And, adds the Court, "to say that the word damages in this Article includes, as a loss of profits, the augmentation of the value of the thing sold, would be to thwart rather than carry into effect the express intentions of the Legislature."

This jurisprudence comes down to us this day, without dissent or interruption, and cannot and should not be now questioned. Quillier vs. Yoir, 10 La. An. 259; Delord vs. New Orleans, 11 La. An. 701; Weber vs. Coursy et al., 12 La. An. 535; Underwood vs. Lacapière, 14 La. An. 276; Sarpy vs. New Orleans, 14 La. An. 312; Dyson vs. Phelps, 14 La. An. 722; Sullivan vs. Goldman, 19 La. An. 12.

The law is equally clear as to the allowances of counsel fees. A very elaborate brief and an extended oral argument has failed to convince us that we are at liberty to award as damages that which has been distinctly and repeatedly held as not embraced by the provisions of Art. 2506 C. C. Melançon's Heirs vs. Robichaud, 19 La. 360; Hale vs. City of New Orleans, 13 La. An. 195; Williams vs. LeBlance, 14 La. An. 759.

As a special ground, Duchesne alleges that L'Hote, whom he represents as heir, by virtue, rather, through several lines of succession, never accepted the succession of which he was made universal legatee under a last will and testament. We think the record discloses an acceptance of the succession; the property left him by his wife, referred to in the inventory taken by L'Hote, was of right in his possession; La. Civ. Code, Art. 1609; and he

sold the same and received the price.   La. Civ. Code, Art. 992;
1 McGloin, p. 171, Lacey vs. Ferguson.

The allowance of interest was alone questioned by the City of
New Orleans, who seems to have been satisfied with the judg-
ment of the District Court, as no appeal was taken.   We cannot
therefore enquire into this.

Judgment affirmed.