McCALEB, Justice.
 

 Plaintiffs, as co-owners with defendant of a certain tract of land in Avoyelles Parish containing 65.50 acres, instituted this suit to recover the value of rents, revenues, use and enjoyment which allegedly inured
 
 *415
 
 to defendant by reason of his occupancy of the land from 1937 to April 18, 1952 (the date upon which the action was filed). In two previous suits between the same parties, it was decreed that plaintiffs owned a e%40 interest in the land, see Juneau v. Laborde, 219 La. 921, 54 So.2d 325, and that defendant’s warrantor and predecessor in title, Joseph L. Escude, should accordingly reimburse to him
 
 6Vuo
 
 of the purchase price, see 224 La. 672, 70 So.2d 451. In the latter case, the defendant, who, along with his warrantor, Escude, was found to have possessed in bad faith, was allowed proportionate compensation from plaintiffs for the improvements which he had placed on the property. By stipulation of counsel, the records in these two adjudications have been incorporated as evidence in the instant case.
 

 Defendant denied liability and filed a special plea of estoppel and prescriptive pleas of one, three, five and ten years. He also issued a general call in warranty to Escude, his vendor, requesting that, should he be cast, he be given relief against the warrantor, including recovery of a $400 attorney’s fee.
 

 In answer to the call in warranty, Escude adopted defendant’s special pleas of estoppel and prescription and other defenses to the suit. In the alternative, he pleaded set-off and compensation against plaintiffs for their proportionate share of the taxes paid by him on the property and also for the alleged unpaid promissory notes held by him on the original purchase price of the property, for which it is asserted that plaintiffs are liable, as heirs of their mother, Mrs. Trasimond Juneau.
 

 The district court overruled the special pleas and, after a trial, granted judgment for plaintiffs against defendant for $3,453 and, in turn, gave judgment for the same amount in favor of defendant and against Escude. Defendant and Escude have appealed and plaintiffs have answered, requesting an increase in the judgment.
 

 Plaintiffs’ action is founded on Article 502 of the Civil Code and the jurisprudence thereunder, see Lawrence v. Young, 144 La. 1, 80 So. 18, which renders a possessor in bad faith liable to the owner for the rents and revenues of the property during the period of his possession. However, although defendant’s possession of the whole of the property herein has already been determined to be in legal bad faith for the purposes of acquiring ownership under the ten-year prescription, he was never a trespasser but a co-owner of the property with plaintiffs. Because of this, plaintiffs may recoup their just proportion of the revenues or rentals which accrued to defendant during his occupancy of the property. In this suit, plaintiffs have included a demand for rent based on a charge against defendant for his occupancy of the premises, i. e., a monthly rental of 1% of the value of the improvements placed on the property by defendant in 1939.
 

 
 *417
 
 This claim cannot be sanctioned, for defendant was a co-owner of the property and was entitled, as such, to occupy it without becoming liable to plaintiffs for rent. Becnel v. Becnel, 23 La.Ann. 150; Balfour’s Heirs v. Balfour, 33 La. Ann. 297; Toler v. Bunch, 34 La.Ann. 997 and Perez v. Guitard, 14 Orleans App. 191. In determining the amount due and recoverable by a co-owner out of possession from his co-owner in possession, a clear distinction should be drawn between the personal occupancy, use and enjoyment of property by the possessor and the rents and revenues derived by him therefrom, either from a lease or by his own industry or exploitation. As to the latter, he must account to his co-owner for all rents and revenues he has received because, in obtaining these fruits, he acts not only for himself but also as the agent of his co-owner for the latter’s just proportion. Davis v. Ruddock Orleans Cypress Co., 132 La. 985, 62 So. 114; Satcher v. Radesich, 153 La. 468, 96 So. 35 and Vance v. Sentell, 178 La. 749, 152 So. 513.
 

 On the other hand, the co-owner who takes possession of the common property does not have to account to his coproprietor, because the right of occupancy is vested in him by virtue of his ownership. Article 494, Civil Code. This right of co-owners to possession of the property being equal and coextensive, neither becomes indebted to the other for his personal occupancy and enjoyment, save, probably, that a co-owner, who has been deprived of the right of possession by reason of his co-owner’s exclusive occupancy, may claim damages from the date upon which he has demanded occupancy and has been refused by the possessor.
 
 [1]
 
 But, even in these instances, the co-owner in possession cannot be enjoined from occupying the property or cultivating it. The remedy of the co-owner out of possession is, as stated in Moreira v. Schwan, 113 La. 643, 37 So. 542, 543, “ * * * by suit for a partition and settlement of accounts, or for a division of profits, if any.”
 
 [2]
 

 Plaintiffs claim $2,950 as their proportionate share of the revenues obtained by defendant through the cultivation of cotton crops on the land during his years of occupancy (1937-1951). However, the scant evidence respecting the net revenues derived by defendant during the 15 years in which he made crops, makes difficult an ac
 
 *419
 
 curate finding of the amount due plaintiffs. It is shown that defendant cultivated an average of twelve acres per year, each acre yielding an average of
 
 Yi
 
 bale and that, in recent years, cotton has sold for approximately $200 per bale, but there is no proof as to its price prior to 1941. It is in evidence that defendant used about $80 worth of fertilizer each year but, other than this, no testimony of expenses incurred by defendant has been adduced. The judge, in his written opinion, concluded that the proportionate share due plaintiffs from defendant’s operations on the land amounted to $1,605. Neither defendant nor Escude seriously questions the correctness of this allowance. And, whereas plaintiffs have prayed that the award be raised by $850, they base their argument for the increase on a per acre comparison of revenues obtained from other farm land in the vicinity and make no ^attempt to demonstrate that the figure reached by the judge does not represent a fair proportion of the total net revenues resulting from defendant’s farm operations. Under the circumstances, we see no reason to disturb the award.
 

 The plea of estoppel asserted by defendant and warrantor is predicated, in part, on plaintiffs’ failure to object over a long period of years to defendant’s purchase, use and development of the property. There is no merit in the contention and it suffices to say that the matter is res adjudicata between these litigants, having already been rejected by our first opinion in this case. See 219 La. 921, 54 So.2d 325.
 

 The other point made under the plea of estoppel, that plaintiffs’ failure to claim rents and revenues in their first suit (the petitory action) bars the instant action, is likewise without substance. It is well settled that the two demands need not be cumulated. Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742 and Dawson v. Victoria Lumber Co., 172 La. 676, 135 So. 22.
 

 Nor do we think that the one, three, five or ten year prescriptions pleaded by defendant and warrantor are tenable. The applicable prescription is that of ten years, which obtains in all personal actions, Article 3544 of the Civil Code, for, as above pointed out, an action by one co-owner against another for rents and revenues is founded on the relation of principal and agent. In any event, prescription has not accrued in this case because it did not begin to run until demand was made by plaintiffs for an accounting for rents and revenues.
 

 In Succession of Porche, 187 La. 1069, 175 So. 670, pleas of prescription similar to those made here, were filed by the executor. The lower court sustained the pleas and dismissed plaintiffs’ suit, being of the opinion that, since the demand for an accounting was not coupled with an action for- a partition, prescription had run as more than ten years had elapsed from the collection of the rents and revenues by the executor. This ruling was reversed on appeal, the court holding that, forasmuch
 
 *421
 
 as the relation of principal and agent existed between the parties under the doctrine laid down in Vance v. Sentell, 178 La. 749, 152 So. 513,
 
 [3]
 
 the applicable prescription of ten years would not begin to run until demand for an accounting was made
 
 [4]
 
 and therefore the fact that the demand for an accounting had not been filed as an incident to a partition proceeding was not material.
 

 Passing on to a consideration of the special claims of the warrantor, Escude, we note that he is again pleading compensation against plaintiffs for the allegedly unpaid part of the original purchase price of the property for which he was secured by a mortgage. The primary answer to this demand is that it is now res adjudicata, having been rejected by this court in the opinion reported in 224 La. 672, 70 So.2d 451, because the testimony was too indefinite to support it.
 

 The demand of Escude to be compensated by plaintiffs for their proportionate share of the taxes paid from 1929 through 1936, inclusive, is, in truth, a re-conventional demand, notwithstanding that it is styled as a plea of compensation or set-off. Regarding it in its proper characterization as a reconventional demand, see Warren v. Creel, La.App., 191 So. 153, it has been properly asserted herein and Escude is entitled to recoup from plaintiffs 65/140 of $225.57, the total taxes paid by him, or $104.73.
 

 This leaves only for consideration defendant’s claim against Escude for a $400 attorney’s fee. This demand cannot be allowed, for a warrantor, while liable for damages and costs of the buyer under Article 2506 of the Civil Code, is not responsible for the attorney’s fees of the latter. Sarpy’s Heirs v. City of New Orleans, 14 La.Ann. 311; Williams v. Leblanc, 14 La.Ann. 757; Late v. Armorer, 14 La.Ann. 826; Lamerlec v. Barthelmy, 2 McGloin 106; Walsh v. Harang, 48 La.Ann. 984, 20 So. 202 and Citizens’ Bank of Louisiana v. Jeansonne, 120 La. 393, 45 So. 367.
 

 The judgment appealed from is recast so as to read as follows:
 

 It Is Ordered that there be judgment in favor of plaintiffs and against the defendant, Guidry Laborde, in the sum of $1,605, with legal interest from judicial demand and, in turn, that there be judgment for the same amount in favor of Guidry La-
 
 *423
 
 horde and against the warrantor, Joseph L. Escude, also with legal interest from judicial demand.
 

 It Is Further Ordered that there be judgment in reconvention herein in favor of Joseph L. Escude and against plaintiffs in the sum of $104.73, with legal interest thereon from judicial demand.
 

 The costs of this appeal are to be paid by plaintiffs, all other costs are taxed against Joseph L. Escude.
 

 [1]
 

 . In the case at bar, plaintiffs have never sought occupancy of any part of the premises nor has the right of occupancy been denied by defendant.
 

 [2]
 

 . See also Stinson v. Marston, 185 La. 365, 169 So. 436, 439, where it was stated: “The courts of this state have always recognized the right of a co-owner to use the property held in common for the purposes for which it is destined, such as the cultivation of farm lands of the sort involved in this controversy. Becnel v. Becnel, 23 La.Ann. 150; Toler v. Bunch, 34 La.Ann. 997; Moreira v. Schwan, 113 La. 643, 37 So. 542.”
 

 [3]
 

 . It is to be observed that the ruling in Vance v. Sentell (referred to in Succession of Porche) was announced on the original hearing and that, on a rehearing in that case, the court, while reinstating its former decree, did not necessarily adhere to the reasons upon which the original conclusion was based. But, be that as it may, the rationale of the original opinion in that case, having been adopted by the court in the later case of Succession of Porche, is now to be regarded as the established jurisprudence.
 

 [4]
 

 . See also Succession of Copeland, 177 La. 127, 148 So. 3, citing Wall v. Colbert, 36 La.Ann. 883.