318 So.2d 660 (1975)
Lucille McVAY, Plaintiff-Appellee,
v.
Earl Wayne McVAY, Defendant-Appellant.
No. 5038.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
*661 Jack D. Barnett, Shreveport, for defendant-appellant.
Garrett & Ryland by B. Dexter Ryland, Alexandria, for plaintiff-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
HOOD, Judge.
Mrs. Lucille McVay instituted this action against her former husband, Earl Wayne McVay, to recover damages for the alleged wrongful conversion of (1) an automobile owned by the parties in indivision, and (2) personal property owned solely by plaintiff. The trial judge rendered judgment for plaintiff, and defendant appealed.
The issues presented are whether plaintiff is entitled to recover damages for the alleged wrongful conversion, particularly of the automobile owned in indivision by them, and if so, whether the award made by the trial court is excessive.
The parties were married in 1947. A judgment decreeing a separation from bed and board between them was rendered in September, 1972. During the same month defendant instituted an action against his wife seeking a partition of the community which therefore had existed between them. The action for a partition has never been tried and is still pending. A judgment decreeing a final divorce between the parties was rendered on January 25, 1974.
The property belonging to the community included, among other items, some real property, a 1971 Buick automobile and a 1967 Ford pickup truck.
Mr. McVay purchased the 1971 Buick automobile in March, 1971, while he was living with plaintiff. Mrs. McVay used that vehicle generally as her personal car *662 from the day it was purchased until the parties were judicially separated. She retained possession and control of it after the separation decree was rendered, and she used it exclusively for personal matters and to transport her to and from her place of employment from that date until April 23, 1974. She has not possessed or used it at any time since the last mentioned date.
On the morning of April 23, 1974, Mrs. McVay drove the 1971 Buick automobile to the place of her employment in Alexandria, and she parked it in a parking lot adjacent to that establishment, as she customarily did every working day. Mr. McVay had keys to the automobile, and about 2:00 P. M. that day he removed the automobile from the parking lot without notifying plaintiff, and he concealed it from her by parking it in a building used by the Rapides Bank and Trust Company for storing repossessed automobiles. The bank had not repossessed the car, but defendant took it to that storage garage, in the hope that he might be able to sell it. He determined within the next day or two that he could not sell it without his wife's signature, so he then removed it from that building and stored it in a garage attached to his brother's home. The car has been concealed or hidden from view since that time in such a way that plaintiff has been unable to locate it. Defendant has retained possession of the car continuously since the date he removed it from the parking lot. Although he keeps it concealed during the day, he uses it frequently during evening hours.
The automobile was purchased on credit, and defendant made many payments on the purchase price. There was a balance due on that purchase price, however, when defendant removed the automobile from the parking lot. Shortly after taking the car, defendant telephoned Mrs. McVay at her place of employment and informed her that "the bank had picked the car up," and that she could get it back by paying the balance due on the note and by paying him one-half the remaining value of that vehicle. Mrs. McVay contacted her attorney immediately, and he determined that the bank had not repossessed the car. This suit was instituted on May 3, 1974.
Mrs. McVay has been living in the community-owned family home since she separated from her husband. Her elderly mother stays with her in that home at times. Plaintiff has been employed as a sales person at a store in Alexandria, and prior to April 23, 1974, she used the Buick automobile to get to and from work. She also used it for transporting herself and her mother on personal missions, such as buying groceries, meeting doctors appointments, shopping and running errands. After defendant removed the car from her possession, Mrs. McVay has depended upon relatives and friends to provide her with transportation to and from her place of employment, and for the other above mentioned purposes. Plaintiff testified that the lack of any means of transportation has caused her much embarrassment, inconvenience and mental anguish.
Some boxes of artificial flowers belonging solely to plaintiff were in the trunk of the 1971 Buick automobile at the time defendant removed it from the parking lot. Plaintiff had used those flowers on the grave of her deceased father. The flowers have never been returned to Mrs. McVay. The evidence does not show the market value of the flowers, if they had any value, but plaintiff apparently wanted them and she testified that the loss of them caused her to suffer mental anguish.
The evidence also shows that Mrs. McVay purchased a new set of tires for the 1971 Buick automobile on June 9, 1973. The tires were purchased with plaintiff's separate funds, and they were on the automobile at the time it was taken by defendant. Plaintiff contends that the tires were her separate property, and that she is entitled to recover the value of them from defendant.
Mr. McVay has used the 1967 Ford pickup truck for personal purposes, and as a *663 means of transportation to and from his place of employment at a bakery, continuously since he separated from his wife. He also has had the exclusive use of a 1971 Oldsmobile automobile, and later a new 1973 Buick, both of which were purchased for him by his brother, with the understanding that after the community is settled defendant would repay his brother the amount expended for those cars. Since April 23, 1974, defendant has retained possession and has used the 1967 Ford pickup truck, the 1973 Buick purchased for him by his brother, and the 1971 Buick which he took from plaintiff. Mrs. McVay has not had the use of any of those vehicles since that time.
Defendant justifies his action in removing the 1971 Buick from the parking lot by showing that he has made payments on the purchase price of that automobile, while plaintiff has made no such payments. He also points out that he has made payments on the mortgage indebtedness due on the community-owned home occupied by Mrs. McVay and that she has paid no rent and has made no payments on the above indebtedness. He argues that since he and Mrs. McVay own the 1971 Buick automobile in indivision, he has as much right to use it as she does, that his action in taking sole possession of the car in April, 1974, did not constitute conversion, and that plaintiff thus is not entitled to recover damages from him.
The trial judge held that, regardless of whether defendant was guilty of "conversion" under the common law, plaintiff is entitled to recover damages from defendant under Article 2315 of the Louisiana Civil Code. He found that:
"The facts of this case disclose a rather shabby and contemptible course of conduct on the part of the defendant directed at the plaintiff. By means obviously calculated to harass and embarrass his former wife, Earl Wayne McVay has, in effect, taken the law into his own hands. ...
"... defendant not only took the vehicle without request or notice to his wife, but he has gone to well calculated and studied means to see to it that she is deprived of its use. He makes no secret of his deliberate intent to do just that. ...
"The evidence is convincing that Mr. McVay is holding the 1971 Buick and depriving his wife of its use in an effort to force her to negotiate community property matters on his terms. ... Mr. McVay offered absolutely no justification for his action. ...
"In the present case the embarrassment and humiliation was greatly increased by the obvious malice on the part of defendant. ...
"Mr. McVay has no use for the car, but out of what can only be interpreted as pure malice he saw fit to shut the car up every day so that his former wife could not use it. ...
"Mrs. McVay satisfied the undersigned that the incident came as a sudden shock attended by extreme mortification, emotional frustration and a deep sense of hurt which she was helpless to assuage."
The trial court also found that the parties, through their attorneys, negotiated for about three months for the return of the Buick automobile to plaintiff, but that the negotiations broke down in July, 1974. He felt that during that time plaintiff reasonably believed that possession of the car would be returned to her, that she was justified in not purchasing another automobile during that time, and that she thus is entitled to recover $180.00 as the estimated cost of renting a vehicle during that three month period. He also concluded that she was entitled to an award of $3,500.00 for her embarrassment, humiliation and mental suffering. Judgment accordingly was rendered in favor of plaintiff and against defendant for $3,680.00.
*664 We believe that the right of one co-owner to use and possess the property owned in common with someone else is equal to that of the other co-owner. Ordinarily the co-owner having possession cannot be dispossessed or deprived of the use of the property by the co-owner who is not in possession, the remedy of the latter being to sue for a partition of the property. LSA-C.C. arts. 491 and 494; Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973); Coon v. Miller, 175 So.2d 385 (La. App. 2 Cir. 1965); Arcemont v. Arcemont, 162 So.2d 813 (La.App. 4 Cir. 1964); Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955).
The cases cited relate to real property, but we think the principle applied is applicable to movable property.
The 1971 Buick involved in the instant suit is owned in indivision by Mr. and Mrs. McVay, and each has an equal right to use it. Since plaintiff was in possession of it on and prior to April 23, 1974, however, defendant did not have the right to take the car from her on that date, his remedy being to seek a partition by licitation. He, of course, had previously filed a partition suit, and that suit was pending at the time the car was taken. If he felt that the car should be impounded pending the partition, he could have sought that type of relief. In any event, we think he had an adequate remedy in that proceeding. By spiriting the car away and concealing it from plaintiff, defendant has wrongfully deprived Mrs. McVay of her right to continue to possess and use it until the partition is effected or until otherwise ordered by the court.
Plaintiff contends that she is entitled to recover damages because of defendant's unlawful "conversion" of the automobile. We have held that "conversion" is an act of dominion wrongfully asserted over the property of another in denial of, or inconsistent with the owner's rights therein. Lincecum v. Smith, 287 So.2d 625 (La.App. 3 Cir. 1973), and Hamilton v. Travelers Indemnity Company, 248 So.2d 617 (La. App. 3 Cir. 1971).
We are not convinced that there has been a "conversion" of the 1971 Buick, as that term is ordinarily used, in view of the fact that defendant is a co-owner of it, that the vehicle cannot properly be said to be the property of another, that it has not been destroyed or altered, and that it is still available for partition or for use by either of the co-owners. Lincecum and Hamilton, supra, relied on by plaintiff, are not applicable here, because no issue of co-ownership was presented in those cases, and in each instance the subject property was either destroyed or permanently altered.
Regardless of whether there has or has not been a conversion of the automobile, plaintiff nevertheless sustained injuries as the result of defendant's deliberate and malicious acts in taking and concealing the car, and we believe that she is entitled to recover damages from defendant under Article 2315 of the Louisiana Civil Code. The amount of the award should be the same whether the taking of the car is or is not classified as a conversion.
We agree with the findings of the trial judge that defendant took the 1971 Buick from plaintiff for the express purpose of harassing and embarrassing her, and of forcing her to negotiate community property matters on his terms. He did not need the automobile, since he had adequate means of transportation, and he in fact kept the car concealed most of the time simply to deprive plaintiff of the use of it. His actions were deliberate and malicious, they compelled plaintiff to seek and depend upon the charity of her friends and neighbors in meeting her transportation needs, and they caused plaintiff to suffer embarrassment, inconvenience and emotional frustration.
In Tarver v. Tarver, 242 So.2d 374 (La. App. 2 Cir. 1970), the plaintiff's former *665 husband wrongfully dispossessed her of an automobile which had belonged to the community, and the trial judge awarded plaintiff $500.00 for "embarrassment and humiliation." In that case the parties had at least partially partitioned the community property prior to the conversion, and plaintiff was the sole owner of the automobile which was taken from her. In the instant suit the community property had not been partitioned, and Mrs. McVay was not the sole owner of the 1971 Buick automobile. She, however, had the legal right to continue to use it until the partition was effected or until otherwise ordered by the court, and defendant deliberately, maliciously and without justification deprived her of that use. We think the plaintiff is entitled to an award of damages for embarrassment and humiliation, as was the plaintiff in Tarver.
The trial judge awarded plaintiff $3,500.00 for her embarrassment, humiliation and mental suffering. The damages sustained by Mrs. McVay were greater than those sustained by the plaintiff in Tarver, supra, but we believe that the award made by the trial court for that item of damage nevertheless was excessive. In our view, an award of $1,000.00 to Mrs. McVay for embarrassment, inconvenience and mental anguish would be fair and adequate.
On July 1, 1974, following negotiations between counsel for both parties, Mr. McVay made a formal offer to convey the 1971 Buick to Mrs. McVay for $2,000.00 a part of which purchase price was to be used to pay the remaining balance of $902.00 due on the chattel mortgage indebtedness on that car, and the remainder was to by divided equally between the parties. Mrs. McVay thereupon made arrangements to borrow from a local bank the amount needed to complete that transaction, and she formally accepted defendant's offer. Mr. McVay then attached some additional conditions to the offer, with the result that the negotiations broke down on July 22, and the sale was never completed.
The evidence convinces us that defendant was not in good faith in conducting those negotiations and in making the offer to sell the car, and that he deliberately misled plaintiff into thinking that she eventually would regain possession of the car. Under those circumstances we agree with the trial judge that plaintiff is entitled to recover the expenses which ordinarily would be incurred by her in renting a car during that three month period. We think an award of $180.00 for that purpose is fair.
Mrs. McVay spent $146.48 for new tires for the 1971 Buick on June 9, 1973. We believe that the tires became merged with, and became a part of, the automobile and that they ceased to be her separate property when they were put on that vehicle. The tires had been driven about 6,000 miles at the times the car was taken by defendant, and the evidence does not show how much they were worth at the time the car was taken. We conclude that plaintiff is not entitled to recover in this action the amount she paid for the tires.
It is appropriate for us to observe here that the awards made to plaintiff in this suit are not to be charged or credited to either party in partitioning the community property. We regard the 1971 Buick automobile as still being owned by the parties in indivision, and as such it is subject to partition. We express no opinion as to whether, in the eventual partition of the community property, plaintiff is entitled to credit for the amount spent for tires, whether either party should be charged or credited with the value of the use of any vehicle belonging to the community or whether depreciation of any vehicle should be considered in those proceedings. We make it clear, however, that the award made in this case is not intended to affect the partition of community property, and that plaintiff is to receive the amount of *666 the award made here in addition to any amounts to which she may be entitled in that partition proceeding.
For the reasons herein set out, the judgment appealed from is amended by reducing the award made to plaintiff from $3,680.00 to the sum of $1,180.00. In all other respects the judgment appealed from is affirmed. One-half the costs of this appeal are assessed to defendant-appellant, and the remaining costs of this appeal are assessed to plaintiff-appellee.
Amended and affirmed.
WATSON, J., concurs in the result but dissents as to the award of $180 for rental of a vehicle when no vehicle was rented.