SWIFT, Judge.
The appellees-lessors brought this summary proceeding against appellants-lessees for eviction and collection of $1,150.00 in past due rent. The trial court rendered a judgment evicting the lessees and awarding the lessors $850.00 for accrued rental.[1] Appellants contend they owed no rent due to a verbal alteration of the lease contract and that the judgment of eviction is improper because one of the lessees is a co-owner of the leased property.
On February 18, 1976, Stephen Touchet and Mathilda Romero Touchet leased fifty arpents of land in Lafayette Parish to Louis Huval, Jr., and Ruby Touchet Huval, the lessors’ son-in-law and daughter. The lease was for a term of fifteen years running from March 1, 1976 to March 1, 1991. It stipulated an annual rent of $300.00 to be paid on March 1st of each year. Mr. Tou-chet died on January 31, 1978, and his widow remarried on October 6, 1979. On November 2, 1979, the lessees were given 30 days notice to vacate the land for nonpayment of rent. They refused. This suit was filed by Mrs. Touchet and her son on December 12, 1979.
The appellants’ specification of errors raise only two issues on this appeal. First, the terms of the lease were altered by a verbal agreement with the Touchets that the cause of the lease was to have the Huvals living nearby to provide them with assistance and services in their old age and that the rent was waived. Second, the action of eviction is improper because Mrs. Huval is a co-owner of the leased property through inheritance from her father, Mr. Touchet.
The trial judge found the Touchets waived the first year’s rent, based upon testimony that the Huvals offered such rental to the Touchets and they refused to accept it. However, he concluded there was no evidence which supported the lessees’ contention that the rentals for 1977, 1978 and 1979 had been waived. This finding of fact cannot be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). No such manifest error exists.
The appellants in their brief attempt to analogize this case to those dealing with late rental payments. They cite Himbola Manor Apartments v. Allen, 315 So.2d 790 (La.App. 3 Cir. 1975), wherein this court stated:
“There is, however, a well established general rule in the jurisprudence of this state that where a lessor-owner customarily accepts rental payments after the date on which they are due, such “custom” by acquiescence of the parties, has the effect of altering the original contract in respect to punctuality of rent payments. Briede v. Babst, 131 La. 159, 59 So. 106 (1912); Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926 (1908); Raytheon Manufacturing Company (Equipment Sales Division) v. Jack Neilson, Inc., 196 So.2d 675 (La.App. 4th *30 Cir. 1967); Rex Credit Co. v. Kirsch, 4 So.2d 797 (La.App.Orl.Cir.1941).
We do not agree that such rule is applicable to the facts of this case. Its purpose is to prevent a lessor who has acquiesced in a custom of late payment of rent from cancelling the lease at a future date due to a late payment without additional notice to the lessee that lessor intends to strictly enforce the lease provisions. It is not meant to protect a lessee who fails to pay the rent altogether. We are therefore in accord with the decision of the trial court that the lessees’ right to occupy the property under the lease ceased for failure to pay the rent and they were subject to eviction. LSA-C.C. Articles 2710, 2712 and 2713. The lessors were also entitled to the accrued rental.
We turn now to the second issue raised by appellants, that Mrs. Huval inherited an interest in the leased property from her father and as an owner in indivisión she cannot be evicted from possession by her co-owners. Here Mrs. Huval possesses the land both as a lessee and as a co-owner. As stated, the appellants have breached the contract of lease by their failure to pay the rent due. Therefore, the action of eviction is proper with respect to their possession under the lease. However, as a co-owner Mrs. Huval has the right to use and occupy the property coextensively with the other co-owners.
In McVay v. McVay, 318 So.2d 660 (La. App. 3 Cir. 1975) this court said this on the subject:
“We believe that the right of one co-owner to use and possess the property owned in common with someone else is equal to that of the other co-owner. Ordinarily the co-owner having possession cannot be dispossessed or deprived of the use of the property by the co-owner who is not in possession, the remedy of the latter being to sue for a partition of the property. LSA-C.C. arts. 491 and 494; Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973); Coon v. Miller, 175 So.2d 385 (La.App. 2 Cir. 1965); Arcemont v. Arcemont, 162 So.2d 813 (La.App. 4 Cir. 1964); Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955).
Therefore, the judgment will have to be amended to eliminate therefrom the order for eviction of Mrs. Huval from possession of the property as a co-owner.
For the above and foregoing reasons, the judgment of the trial court is amended so as to recognize and preserve for Mrs. Ruby T. Huval her right to use and occupancy of the subject property as a co-owner, but otherwise it is affirmed. The appellants are to pay all costs of these proceedings.
AMENDED AND AFFIRMED.

. Any objection to the use of a summary proceeding to obtain a money judgment for the rent was waived by failure to object timely. Ritchey v. Brignac, 328 So.2d 190 (La.App. 3 Cir. 1976).