LOBRANO, Judge.
This is a suit by the lessors, Albirtha and Welton Noble to evict their tenant, Catherine D. Coleman, for nonpayment of rent. From a judgment ordering defendant to vacate the premises this appeal has been taken.
Appellees, (the “Nobles”) and Appellant (“Coleman”) executed a written lease contract on September 30, 1981, under the terms of which the Nobles, as lessors, agreed to lease to Coleman, lessee, Apt. No. A at 5116 Clara St. in New Orleans, Louisiana for use as a private residence. The lease contained the following provisions:
(1) “This lease is made for and in consideration of a monthly rental of Three Hundred Fifty and No/100 ($350.00) Dollars per month, payable at a rate of One Hundred Seventy Five and No/100 ($175.00) Dollars on the 9th and the 23rd of each and every month at any place Lessor designates.”
* * * * * *
(2) “The failure of Lessor to insist upon the strict performance of the terms, covenants, agreements and conditions herein contained, or any of them, shall not constitute or be construed as a waiver or relinquishment of the Lessor’s rights thereafter to enforce any such terms, covenants, agreements and conditions, but the same shall continue in full force and effect.”
* * * * * *
(3) “In the event Lessee becomes more than four (4) semi-monthly payments in arrears, the option to purchase is *777 automatically cancelled and Lessee shall have no claim against Lessor for past rental payments and Lessee shall vacate the premises.”
Appellant argues that under the lease provisions appellee was precluded from evicting lessee unless more than (4) semimonthly payments were in arrears. In their brief appellant states “No evidence was introduced to establish that appellant on her own accord missed four semi-monthly payments.” To the contrary, appellees point out that appellant corroborated their testimony when she specifically referred to a letter dated April 23, 1982 in which she wrote to the appellees wherein she stated that she was enclosing two money orders for $175.00 each for rental payments due on March 9th, and March 23rd, and that she would attempt to catch up with her “rent” that is in arrears no later than May 16, 1982.
At the outset we note that there is no transcript of testimony in the record of this matter, and therefore must rely on the pleadings and argument of counsel. Appel-lee argues that appellant was in arrears with the rent and therefore was under no obligation to accept late payments. The trial court apparently agreed with this contention, and we must agree.
The paragraph in the lease agreement referred to by appellant about the necessity of four (4) semi-monthly payments being in arrears pertains to the “option to purchase” clause as being “automatically cancelled”. That paragraph specifically reads that the “option to purchase” is cancelled, and has nothing to do with being in default of the lease because of non-payment of rent.
La. Civil Code Art. 2710 declares in part that: “The lessee is bound: ... (2) to pay the rent at the terms agreed upon.” Civil Code Art. 2712 further provides that “The lessee may be expelled from the property if he fails to pay the rent when it becomes due.”
Appellant argues that she attempted to make payments but they were refused by appellee. Appellees argue they were not obligated to accept the rent once it was in arrears, and apparently the trial court agreed with this contention.
There is a well established rule in the jurisprudence that where a lessor customarily accepts late payments from his tenant, such action on his part alters the original understanding as to punctuality of payment. Briede v. Babst, 131 La. 159, 59 So. 106 (1912); Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926 (1908); Raytheon Manufacturing Company v. Jack Neilson, Inc., 196 So.2d 675 (La.App. 4th Cir.1971). However, such indulgences on the part of the lessor must be proved in order to prevent strict enforceability of the lease payment provisions. And of course, the “acquiescence by custom” rule does not apply to one who fails to pay the rent altogether. Touchet v. Huval, 391 So.2d 28 (La.App. 3rd Cir.1980).
Either the trial court found that no rent had been paid, or that appellant failed to establish a custom by appellees of accepting late payments. In either instance we find no manifest error, and must affirm.
AFFIRMED.