Judge Paula A. Brown
This case involves a peremptory exception of prescription. Appellant, Faubourg Saint Charles, LLC ("FSC"), filed suit (the "Petition") against Appellee, Faubourg Saint Charles Homeowners Association, Inc. ("HOA"), alleging it was entitled to reimbursement for monies advanced to HOA for the years 2012 through 2016. The district court sustained HOA's peremptory exception of prescription finding that the sums advanced by FSC to HOA before February 27, 2015 were monies lent subject to a three-year prescriptive period. Additionally, the district court denied FSC's oral motion to amend the Petition. FSC appeals the district court's partial final judgment. For the reasons that follow, we affirm the judgment sustaining the exception of prescription, reverse the judgment denying the amendment, and remand the matter for further proceedings consistent with this opinion.
PROCEDURAL HISTORY AND FACTS
FSC was the developer of Faubourg Saint Charles Condominiums (the "Condominiums"). Construction began on the Condominiums in 2006. In October 2006, FSC executed and recorded the "Act of Declaration Creating and Establishing the Condominium Regime Faubourg Saint Charles Condominium[s]," and FSC incorporated the HOA in order to assume the operation and management of the Condominiums. The HOA did not become fully functional until the later part of 2016. Before *1156 the HOA became functional, FSC operated and managed the Condominiums.
FSC also owned a unit-unit 2-in the Condominiums. In December 2017, HOA successfully sued FSC in Orleans Parish First City Court to collect assessments that FSC owed as the owner of unit 2.
Shortly thereafter, on February 27, 2018, FSC filed the Petition alleging in pertinent part:
6.
Between [HOA's] formation and late 2016, FSC through its owner, Roland von Kurnatowski advanced sums on behalf of [HOA] to maintain the [Condominiums].
7.
When [HOA] were [sic] finally able to take control of the development, FSC had incurred approximately $ 100,388.20 [1 ] on behalf of [HOA] to maintain the [Condominiums]. Those expenses exceeded income, and included administrative expense, insurance, office supplies, shipping, telephones and communications, auto expense, utilities including electric, gas, sewer and water, maintenance including contract payroll, materials, equipment and pest control, and a suit against the Sewerage & Water Board for overbilling of services. Those expenses incurred by FSC on behalf of plaintiff, by year, are summarized as follows:
2012 $46,990.49 2013 $38,409.65 2014 $6,861.51 2015 $8,126.55 2016 (Jan. thru May) $9,300.76 __________ Total: $10[9],[6]88.20
* * *
8.
[HOA] is obligated to FSC for the foregoing and any other sums advanced to operate and maintain [the Condominiums] for [HOA].
Attached to the Petition were FSC's profit and loss statements for the years 2012 through 2016.
In response, HOA filed a peremptory exception of prescription (the "Exception"). HOA alleged FSC's claims for "money lent" to HOA before February 27, 2015 had prescribed pursuant to the three-year prescriptive period of La. C.C. art. 3494.[2]
FSC opposed the Exception, arguing that its suit was for an accounting of expenses advanced on behalf of the HOA and breach of contract subject to the ten-year prescriptive period of La. C.C. art. 3499.[3] FSC, however, did not seek to supplement or amend its Petition.
A trial on the Exception was held on June 15, 2018. No evidence was introduced. The district court sustained the Exception, finding the cause of action asserted *1157 by FSC against HOA was for money lent subject to a three-year prescriptive period, and the claims for money lent before February 27, 2015 had prescribed and were dismissed with prejudice. FSC then orally moved to amend the Petition to allege an oral contract between FSC and HOA, or other alternatives. The district court denied the request. A judgment was issued by the district court on June 19, 2018.[4]
This appeal follows.
DISCUSSION
FSC assigns two errors: the district court erred by granting the Exception; and the district court erred in refusing to allow FSC an opportunity to amend the Petition as required by La. C.C.P. arts. 933(B)[5] and 934. We will discuss each assignment of error in turn.
Exception of Prescription
The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings. Born v. City of Slidell , 15-0136, p. 8 (La. 10/14/15), 180 So.3d 1227, 1232 (citing Fishbein v. State of La. through Louisiana State University Health Sciences Center , 04-C-2482, p. 6 (La. 4/12/05), 898 So.2d 1260, 1265 ). The burden of proof is on the party pleading prescription; however, if prescription is evident on the face of the pleadings, the burden of proof shifts to the plaintiff to show the action has not prescribed. See Metairie III v. Poche' Const., Inc. , 10-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449 ; Ivy Rest. New Orleans, LLC v. Torre , 16-0777, p. 5 (La. App. 4 Cir. 2/1/17), 211 So.3d 676, 680.
Evidence may be introduced at the trial of a peremptory exception of prescription. Albe v. City of New Orleans , 14-0186, p. 6 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 366 (citing La. C.C.P. art. 931).[6] When no evidence is introduced at the trial of the peremptory exception for prescription, a de novo standard is applied, and the judgment is reviewed to determine whether the trial court's decision was legally correct. See Wells Fargo Fin. Louisiana, Inc. v. Galloway , 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citation omitted). In this context, " 'the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.' " Id. (quoting Denoux v. Vessel Mgmt. Servs., Inc. , 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.). The law requires strict construction of the prescription statutes "in favor of the claim that is said to be extinguished." Coston v. Seo , 12-0216, p. 8 (La. App. 4 Cir. 8/15/12), 99 So.3d 83, 88 (citations omitted).
With these precepts in mind, we turn to our de novo review.
*1158 FSC asserts that the district court improperly applied the three-year prescriptive period of La. C.C. art. 3494 for an action on money lent; rather, the district court should have applied the ten-year prescription period for personal actions codified in La. C.C. art. 3499. FSC urges the Petition sets forth three possible personal actions: (1) a contract action; (2) an accounting action; and/or (3) an agent/principal relationship. Additionally, FSC argues the district court failed to construe the Petition in favor of maintaining FSC's action.
Contract action
FSC argues the relationship between it and HOA was contractual. FSC asserts there was either an oral contract or a contractual relationship established through La. R.S. 9:1123.105. La. R.S. 9:1123.105 provides:
A contract for the maintenance, management, or operation of the condominium property or any lease of recreational or parking facilities entered into by the association while the association is controlled by the developer of the condominium shall be subject to cancellation by the association by vote of not less than a majority of the individual unit owners other than the declarant computed with reference to their respective percentage obligations for common expenses within a one year period immediately following the date on which individual unit owners other than the declarant assume or acquire control of the association.
In sustaining the Exception, the district court stated, "I believe the [FSC] has not alleged the existence of an agreement between the parties requiring any repayment of the alleged advances, much less any agreement to a specific term or time period for repayment." We agree. Although FSC asserted HOA was obligated to FSC for reimbursement of monies advanced, FSC did not allege in the Petition there was an oral or written contract. Moreover, FSC failed to introduce any evidence at trial on the Exception to establish the existence of an agreement or a contract. Furthermore, neither La. R.S. 9:1123.105 nor any other statute set forth in the Louisiana Condominium Act triggers a statutory contractual relationship between the party or entity managing and maintaining a condominium property and a homeowners association.
This claim lacks merit.
Accounting action
FSC asserts its action against HOA is one for an "accounting under the terms of that contract." At the trial, the district court rejected this argument:
In your petition you styled it as a request for reimbursement. So when I look at that, any monies paid, you are asking for it to be paid back, which signals to me it's a loan, not an accounting. So it's not just the scenario. I am looking at what was in the petition.
We agree. FSC did not allege in the Petition or introduce evidence of a request for an accounting under the terms of a contract.
This claim lacks merit.
Agent/principal relationship
FSC contends that its relationship with HOA is one of agent and principal, citing In re Succession of Moore , 97-1668 (La. App. 4 Cir. 4/1/98), 737 So.2d 749, Jones v. Jones , 236 La. 52, 106 So.2d 713 (La. 1958), and Juneau v. Laborde , 228 La. 410, 82 So.2d 693 (La. 1955).[7] While we *1159 agree that an agent/principal relationship is governed by the ten-year prescriptive period, FSC failed to plead such a relationship between it and HOA in its Petition, and the record does not evidence such a relationship.
This claim lacks merit.
Construing the Petition
FSC asserts because there is a dispute over FSC's theory of recovery, the district court was required to strictly construe the pleading against prescription. In support, FSC cites La. C.C. P. art. 865 which provides that "[e]very pleading shall be so construed as to do substantial justice."
The district court was constrained by the character of the action pled and the lack of evidence presented. As discussed supra , the Petition does not support FSC's assertion that it was pleading a personal action in contract, in an accounting, or an agent/principal relationship. Moreover, FSC presented no evidence at the trial on the Exception in support of these grounds. Thus, based upon the record, the district court did not err in construing the Petition as an action for money lent.
This claim lacks merit.
Thus, after a de novo review of the record, we find the district court was legally correct in sustaining the Exception.
Amendment of the Petition
In the alternative, FSC asserts the district court erred in failing to give it an opportunity to amend the Petition as required by La. C.C.P. art. 934.
In denying FSC's oral motion to amend the Petition, the district court stated that "[b]ased upon what's already pled, based upon the review of it and what the petition sought, not just here, but in First City Court, I have no choice but to grant the prescription, and I am not going to allow you an opportunity to amend."
The decision to allow a plaintiff to amend a petition under La. C.C.P. art. 934 is within the discretion of the trial court, and will not be disturbed absent manifest error or abuse of discretion. Massiha v. Beahm, 07-0137, p. 4 (La. App. 4 Cir. 8/15/07), 966 So.2d 87, 89 (citing Gates v. Hanover Insurance Co., 218 So.2d 648, 652-53 (La. App. 4 Cir.1969) ).
Louisiana Code Civil Procedure Article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
In Whitnell v. Menville , 540 So.2d 304, 309 (La. 1989) (citations omitted), the Supreme Court explained that art. 934 has been liberally applied to cases involving prescription:
In numerous cases our courts of appeal have held that where the plaintiff has *1160 raised allegations in argument which might be sufficient to overcome a peremptory exception of prescription, he should be allowed time to amend his petition to assert such allegations, even though the claim asserted in the original petition is prescribed on its face.... This rule recognizes this state's liberal approach toward allowing amended pleadings, and promotes the interests of justice.
The Supreme Court noted that "a court may allow time to amend if the new allegations raise the possibility that the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain." Id. (citing H & H Boat Rental, Inc. v. Vidos , 225 So.2d at 310-11 ; Craig v. Housing Authority of New Orleans , 482 So.2d 148, 149 (La. App. 4 Cir. 1986) ). Thus, "unless it can be determined in advance of the amendment that the new allegations could have no effect on the prescription issue, opportunity to amend should be allowed." Id. (citing Drane v. City of New Orleans , 328 So.2d 752, 754 n. 2 (La. App. 4 Cir.1976) ).
A review of FSC's Petition indicates FSC alleged that HOA was "obligated" to FSC for sums advanced. FSC raised, at the trial on the Exception, several arguments to support that the ten-year prescriptive period of La. C.C. art. 3499 applied to this obligation.[8] We find, pursuant to La. C.C.P. art. 934, the district court erred in denying FSC's request to amend the Petition.
Accordingly, the district court's ruling denying amendment of the Petition, is reversed and the matter is remanded to the district court to afford FSC the opportunity to amend its Petition.
CONCLUSION
The district court's judgment sustaining the exception of prescription is affirmed, the district court's judgment denying the amendment is reversed, and the matter is remanded to the district court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED

FSC states there was a calculation error, and the correct amount owed by HOA is $ 109,688.20.

La. C.C. art. 3494(3) provides that an action for money lent is subject to a liberative prescription of three years.

La. C.C. art. 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

The district court designated the judgment as a partial final judgment pursuant to La. C.C.P. art. 1915(B), and the district court retained jurisdiction to adjudicate the remaining claims and issues of the case. La. C.C.P. art. 1915(B) provides that "[w]hen a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims ... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."

La. C.C.P. art. 933 addresses the effect of sustaining a dilatory exception; thus, art. 933 is inapplicable as the exception at issue is a peremptory exception.

La. C.C.P. art. 931 provides that "[o]n the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

See In re Succession of Moore , 97-1668, p. 11, 737 So.2d at 756 (wherein this Court found that a co-owner's duty to account to other co-owners was a personal obligation governed by a ten-year prescription period); Jones , 236 La. at 75, 106 So.2d at 722 (wherein the Supreme Court found a co-owner was entitled to reimbursement from the estate of the decedent co-owner, whose name the property was in, for expenditures made on his behalf to preserve the co-owned property. The court found the co-owner became the decedent co-owner's agent, and held it was a personal action subject to the ten-year prescriptive period.); and Juneau , 228 La. at 420, 82 So.2d at 696-97 (wherein the Supreme Court held that the applicable prescription period of ten years applied to an action by one co-owner against another co-owner for rents and revenues and was founded on the relationship of principal and agent).

Additionally, we note that the term "sums advanced" or "advanced sums" is not a term of art used exclusively to mean "money lent." See Franco v. Franco , 04-1381, p. 7 (La. App. 4 Cir. 3/16/05), 900 So.2d 164, 168 (wherein this Court found the defendant's reconventional demand for monies advanced on his brother's behalf was a loan subject to the three-year prescriptive period of La. C.C. art. 3494 ); State, Through Dep't of Highways v. City of Pineville , 403 So.2d 49, 50 (La. 1981) (wherein the Supreme Court found money advanced by the Louisiana Department of Highways to the City of Pineville, Louisiana could be recovered by the Department, despite lack of a valid agreement, under the theory of unjust enrichment [La. C.C. art. 2298 ] or some other form of quasi-contract governed by a ten-year prescriptive period); Jones , 106 So.2d 713 (wherein the Supreme Court held that money advanced by one co-owner on behalf of deceased co-owner was subject to the ten-year prescriptive period relating to personal actions).